## GOOD SHOT v. UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 447. Submitted October 22, 1900.—Decided October 29, 1900.

A Circuit Court of Appeals has no jurisdiction to review upon writ of error the trial, judgment and sentence of an Indian to imprisonment for life founded upon a verdict rendered on a trial of an indictment of the Indian for murder, by which verdict the jury find the defendant "guilty as charged in the indictment, without capital punishment."

THE case is stated in the opinion.

*Mr. Melvin Grigsby* and *Mr. S. H. Wright* for Good Shot.

*Mr. Assistant Attorney General Hoyt* for the United States.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Good Shot, an Indian, was indicted in the District Court of the United States for the District of South Dakota for the murder of Emily Good Shot, and, the indictment having been remitted to the Circuit Court, was arraigned and pleaded not guilty; was tried; found "guilty as charged in the indictment, without capital punishment;" was sentenced to imprisonment at hard labor in the penitentiary at Sioux Falls, in the State of South Dakota for life; and a writ of error was duly sued out of the Circuit Court of Appeals for the Eighth Circuit to review the judgment of the Circuit Court. The United States moved to dismiss the writ for want of jurisdiction, whereupon the Circuit Court of Appeals certified to this court, on facts stated, the following question: "Has this Circuit Court of Appeals jurisdiction to review upon writ of error the trial, judgment and sentence of an Indian to imprisonment for life founded upon a verdict rendered on a trial of an indictment of the Indian for murder, by which verdict the jury find the defendant

'guilty as charged in the indictment, without capital punishment.'"

The certificate was duly transmitted to the clerk of this court, but not filed until October 15, 1900; and on October 17, Good Shot filed a petition praying that a certiorari might be issued requiring the entire record and cause to be sent up from the Circuit Court of Appeals. On the same day a certified transcript of an order of the Circuit Court of Appeals, entered October 15, purporting to vacate and annul the order certifying the case, and to recall the certificate, in view of the decision of this court in *Fitzpatrick* v. *United States*, 178 U. S. 304, was filed.

In the case referred to we held that a conviction for murder, punishable with death, was not the less a conviction for a capital crime by reason of the fact that the jury, in a particular case, qualified the punishment, and that, in such circumstances, this court had jurisdiction under section 5 of the judiciary act of March 3, 1891, providing therefor "in cases of conviction of a capital crime." It followed that Circuit Courts of Appeals did not have jurisdiction.

If we should dismiss the certificate because of the action of the Circuit Court of Appeals on October 15, or if we answer the question certified, the same result is reached, namely, the dismissal of the writ of error below. And in the posture of the case disclosed by the record, we think the better course is to answer the question, which we do necessarily in the negative.

As the Circuit Court of Appeals did not have jurisdiction, the application for a certiorari must be denied. That writ may be issued by this court to the Circuit Courts of Appeals under section 6 of the act of March 3, 1891, on application, and ordinarily after judgment, in cases in which judgments are made final in those courts by the section, and also where questions of law have been certified to this court by those courts for their guidance in disposing of such cases.

In this case there is no judgment in the Circuit Court of Appeals, and the sole question certified relates to the jurisdiction of that court, and it having been determined that jurisdiction does not exist, the writ of certiorari cannot properly be issued

to require the court to send up a cause over which it has no jurisdiction for determination on the merits. The remedy is by writ of error from this court to the Circuit Court.

*The question certified will be answered in the negative, and the petition for certiorari will be denied. So ordered.*