## MAY, 1904.

SUPREME LODGE UNITED BENEVOLENT ASSOCIATION V.
J. E. JOHNSON.

No. 1313. Decided May 26, 1904.

**1.—Garnishment—Benefit Society.**

The sum due from a fraternal beneficiary association to the beneficiary named in its certificate, the wife of a deceased member to whom it was issued, was exempt from garnishment for the debt of such beneficiary by section 11 of the Act of May 12, 1899 (Laws, p. 199), regulating such associations. (Pp. 4-6.)

**2.—Constitutional Law—Equal Protection.**

The law regulating fraternal beneficiary associations (Act of May 12, 1899, p. 199) was not unconstitutional as denying the equal protection of the law (Const. U. S., 14th Amendment; Const. Texas, art. 1, sec. 3) by reason of the exemption, in section 16 of said act, of the Order of Railway Conductors and other named organizations of railway employes from its operation. (Pp. 4-6.)

**3.—Same—Classification of Subjects.**

It does not appear on the face of the law (Act of May 12, 1899) that the organizations exempted from its operation fall within the definition of fraternal benevolent organizations by such act, and the contrary presumption would be indulged in support of the constitutionality of the law; on its face they are distinct classes; and, as a matter of common knowledge, they are labor organizations and not proper subjects for regulation by the Insurance Department. (Pp. 5, 6.)

Error to the Court of Civil Appeals for the Second District in an appeal from the County Court of Tarrant County.

Johnson, in a suit for debt against Mrs. Walker, garnished the benevolent association and had judgment against the garnishee in Justice Court, and again on its appeal to the County Court, and the judgment was affirmed on appeal by the association, which thereupon obtained writ of error from the Supreme Court.

*Wm. R. Booth,* for plaintiff in error.—The Legislature has the right to exempt a fraternal certificate from execution the same as to exempt a homestead or the proceeds thereof, or horses and cattle, or home supplies, or anything else. Cooley on Const. Lim., 348, 480.

All legislation is necessarily "class" to some extent, but not unconstitutionally so when all the class are treated alike. Same as above; also Missouri Pac. Ry. Co. v. Mackey, 32 U. S. (Law. Ed.), 109; Pacific Express Co. v. Seibert, 35 U. S. (Law. Ed.), 1040; and authorities cited and quoted under the following proposition:

98 Sup—1.

Fraternal orders and life insurance companies are different classes and subject to different regulations. Sayles' Supp., p. 110, et seq., controls fraternal orders; Sayles' Texas Stats., title 58, controls life insurance companies; Union Cen. Insurance Co. v. Chowning, 86 Texas, 654; Mutual Life Insurance Co. v. Walden, 26 S. W Rep., 1012; Washington Life Insurance Co. v. Gooding, 49 S. W. Rep., 126, 19 Texas Civ. App., 490; Fidelity Mut. Life Insurance Co. v. Mettler, 185 U. S., 308, 46 Law. Ed., 922 (932), approved in Insurance Co. v. Lewis, 187 U. S., 335; Batzell v. Modern W. of the W., 71 S. W. Rep., 1071 (Mo.); New York Life Insurance Co. v. English, 70 S. W. Rep., 441; Haynie v. Indemnity Co., 41 S. W. Rep., 461, approved by U. S. Supreme Court in Knight T. M. L. I. Co. v. Jarman, 187 U. S., 197; Jenkins v. Convent M. L. I. Co., 71 S. W. Rep., 690; Schnermann v. Union Cen. L. I. Co., 65 S. W. Rep., 723. The principle is the same as the shortening of limitation of actions against cities which is uniformly held constitutional. Madden v. Lancaster, 65 Fed. Rep., 188, 12 C. C. A., 556, 27 U. S. Appeal, 528; City of Covington v. Hoadley, 83 Ky., 444; Preston v. Louisville, 84 Ky., 118.

The courts will not declare an act invalid unless it is shown that such act is without the province of the Legislature or that the particular subject matter of the act has been expressly or impliedly withdrawn by the people from its consideration. Irrigation District, 92 Cal., 296, 14 Law. Rep. Ann., 755. In re How, 59 Minn., 415, 61 N. W. Rep., 456, it is decided that a certain portion of the insurance money from a mutual company is exempt, though not all of such money, because the Constitution requires a "reasonable limit" to be placed on the amount of exemption. Making a fire caused by the operation of a railroad prima facie evidence of negligence does not discriminate against the railroad. Missouri P. Ry. Co. v. Merrill, 40 Kan., 404; Augusta & S. Ry. Co. v. Randall, 79 Ga., 304. Nor does a statute, giving a survivor right of action against a railway company, discriminate against it. Louisville Safety V. & T. Co. v. Louisville & N. Ry. Co., 14 Law. Rep. Ann., 579. The act of Congress, in 1873, exempting national banks from attachment, injunction or execution before final judgment does not discriminate in their favor. Chesapeake Bank v. First Nat. Bank, 40 Md., 269. A law making it a misdemeanor for a banker to shave a note more than 8 per cent was held no discrimination and constitutional, in the case of Youngblood v. Birmingham T. & S. Co., 95 Ala., 521, 20 Law. Rep. Ann., 58. In Union Cent. Life Insurance Co. v. Chowning, 86 Texas, 654, 24 Law. Rep. Ann., 504, 26 S. W. Rep., 982, the Supreme Court of Texas held that the statute, in providing for the recovery of damages and attorney's fees, was not in violation of the Constitution of Texas or of the United States, and was a valid law. In Fidelity and C. Co. v. Allibone, 15 Texas Civ. App., 179, this ruling was repeated by the Court of Civil Appeals of Texas, and affirmed by the Supreme Court in Fidelity and C. Co. v. Allibone, 90 Texas, 662. Both these courts held that the constitutional question involved was dis-

tinguishable from that ruled by this court in Gulf C. & S. F. Ry. Co. v. Ellis, 165 U. S., 150. In New York Life Insurance Co. v. Arlopp (Texas Civ. App.), 61 S. W. Rep., 336, the same conclusion was reiterated on the ground that the State Legislature had the right to provide the terms on which foreign corporations of that class might do business in the State, and that, being a valid exercise of such power and right, the statute formed a part of the contract of every life and health insurance company issued and made in Texas since the date of its enactment. The Circuit Court of Appeals for the Fifth Circuit, in Merchants' Life Association v. Yoakum, 39 C. C. A., 56, 98 Fed. Rep., 251, held the section to be valid on full discussion. A statute very similar to our own has been in existence many years in many of the different States and has been construed and upheld, notwithstanding its class distinction in the following cases: Brown v. Balfour, 12 Law. Rep. Ann., 373; Schillinger v. Boes, 3 S. W. Rep., 427; Leonard v. Clinton, 26 Hun, 288; Saunders v. Robinson, 144 Mass., 309; Harvey v. Harrison, 89 Tenn., 470, 14 S. W. Rep., 1093; First Nat. Bank v. How, 65 Minn., 189; Austin v. McLaurin, 16 N. Y. S. R., 806; 1 N. Y. Supp., 209; Baron v. Brummer, 100 N. Y., 374, 3 N. E. Rep., 475,

*Q. T. Moreland,* for defendant in error.—The Supreme Court of Ohio in 56 Law. Rep. Ann., 766, Williams v. Donough, a case very similar to the one at bar, held the statute unconstitutional. The opinion is very satisfactory, unanswerable, and is the only one in the United States, so far as we have been able to find, that has passed on the question directly. Numerous decisions have held that funds payable to beneficiaries were exempt from garnishment and that the statute exempting them was not subject to the objection of unequal legislation, but no statute worded as is our statute seems to have been passed on except by the Ohio court in the case of Williams v. Donough.

Section 16 of title 49a of the Acts of the Twenty-sixth Legislature is in itself sufficient to render section 11 unconstitutional. It reads as follows: "The provisions of this act shall not apply to nor include the Order of Railway Conductors, Order of Locomotive Engineers, Order of Locomotive Firemen or Brotherhood of Railway Trainmen, or Order of Railway Telegraphers, which issue policies of insurance or benefit certificates only to members of their respective organizations, and said organizations shall be exempt from the provisions of this act."

We submit that there is no good reason why the Legislature should protect the beneficiaries in policies issued by the Knights of Honor or the United Benevolent Association, and exempt the funds from garnishment, and not protect the beneficiaries in policies issued by the Orders of Railway Conductors and others mentioned in section 16 of the act. Williams v. Donough, 56 Law. Rep. Ann., 766.

BROWN, Associate Justice.—We copy the statement of the case made by the Court of Civil Appeals, as follows:

"Appellant is a duly incorporated fraternal insurance organization under the laws of Texas, with its chief place of business in Tarrant County. That its business is conducted for the sole benefit of its members and beneficiaries and not for profit; that it has a lodge system with ritualistic form of work and elective representative form of government, and that the fund from which it pays its beneficiaries is derived from a monthly assessment against its members, and that in all other respects it conforms to our laws relating to fraternal beneficiary associations as set forth in title 49a, Supplement Sayles' Texas Civil Statutes.

"It further appears that one W. F. Walker died on the 26th day of March, 1902, holding a certificate of the appellant association for the sum of $1000 payable to his wife, Mrs. W. F. Walker, by virtue of which appellant is now indebted in the sum of $500; that after the death of her husband Mrs. Walker became justly indebted to the appellee in this case, who sued her upon such indebtedness in the Justice Court, and at the same time duly sued out garnishee process which was served on the appellant association. Appellant pleaded that the fund due on the certificate mentioned was exempt from such process; and from the judgment of the Justice Court against this contention an appeal to the County Court was taken where a like judgment was rendered, and hence this appeal.

"The exemption claimed in the justice and county courts rests upon section 11 of the act relating to fraternal beneficiary associations, approved May 12, 1899 (title 49a, Supp. Sayles' Civ. Stats., Gen. Laws 1899, p. 199), which is as follows: 'Sec. 11. The money or other benefits, charity, relief or aid to be paid, provided or rendered by any association authorized to do business under the provisions of this act, shall not be liable for the debts of the beneficiary or holder of any certificate, and shall not be subject to garnishment or other process at the suit of any creditor, nor shall it be taken, seized, appropriated or applied by any legal or equitable process or by operation of law to the debts of the certificate holder or any beneficiary named in such certificate or any person who may have any rights thereunder.'

"Appellee's contention, with which the trial courts agreed, is that said section conflicts with section 1 of the fourteenth amendment to the Constitution of the United States, providing that no State shall deny the equal protection of its laws to persons within its jurisdiction, and also with section 3, article 1, of the Constitution of Texas, providing that no man or set of men is entitled to exclusive, separate public emoluments or privileges but in consideration of public services."

By an act approved May 12, 1899, for the regulation of "fraternal beneficiary associations" (Laws 1899, p. 195), the Legislature of this State defined such associations in these terms: "Be it enacted by the Legislature of the State of Texas: A fraternal beneficiary association is hereby declared to be a corporation, society or voluntary association,

formed or organized and carried on for the sole benefit of its members and the beneficiaries, and not for profit, or that issues benefit certificates to such of its members only as may apply therefor, and that maintains a separate branch composed of the members who hold such certificates issued, and governed by or through a separate board of management, authorized and appointed by such corporation, society or association, for the sole purpose of managing and conducting such branch." * * * That act prescribes the form of government for such associations and in many particulars regulates their transactions with their members. It also prescribes certain requirements in the way of reports to be made to the Commissioner of Insurance of the State and places such associations under the control and supervision of that department. Section 16 of the act reads as follows: "The provisions of this act shall not apply to nor include the Order of Railway Conductors, Order of Locomotive Engineers, Order of Locomotive Firemen or Brotherhood of Railway Trainmen, or Order of Railway Telegraphers, which issue policies of insurance or benefit certificates only to members of their respective organizations, and said organizations shall be exempt from the provisions of this act." It is claimed that the exemption of the orders named in the foregoing section denies to them the "equal protection of the law" and renders the law unconstitutional because it is in conflict with the first section of the fourteenth amendment of the Constitution of the United States.

It is well settled by the decisions of this court, as well as by the decisions of the Supreme Court of the United States, that the Legislature may classify persons, organizations and corporations according to their business and may apply different rules to those which belong to different classes. Campbell v. Cook, 86 Texas, 630; Union Central Life Ins. Co. v. Chowning, 86 Texas, 654; Marchant v. Pennsylvania Ry. Co., 153 U. S., 389.

There is nothing upon the face of the law to show that the orders named in section 16 of the act are embraced in the classes described in the first section as "fraternal benefit orders," and in favor of the constitutionality of the law the court will presume that the Legislature has properly classified the different orders and has applied proper rules for their government, so as to give to each that belongs to the class named due protection of the law. However, we are of opinion that upon the face of section 16 the orders named appear to belong to a different class from those named in the first section in this, that all of the orders exempted from the operation of the act embrace only railroad employes and each order embraces a particular class of the general class of laborers. Besides we know, as a matter of common knowledge, that those orders are labor organization that deal with their members in regard to their employments, acting through such organizations to secure what they conceive to be their rights as laborers. It would be an unnecessary burden to place upon such orders the supervision of the Insurance Department. Those orders are not surrounded by like conditions as the "frater-

nal beneficiary associations;" therefore the discrimination is proper. Marchant v. Railway Co., before cited.

We conclude, therefore, that the Legislature had the power to divide the different associations and orders into classes and to exempt those orders named in section 16 from the general operation of the law, and that the law is not thereby rendered unconstitutional.

It is ordered that the judgments of the County Court and of the Court of Civil Appeals be reversed and that this court proceed to enter such judgment as the County Court should have entered. It is further ordered that J. E. Johnson take nothing by reason of his garnishment and that the garnishee, the Supreme Lodge United Benevolent Association, go hence discharged and recover from said Johnson all costs of all of the courts.

*Reversed and rendered.*