## A. L. DOUTHIT ET AL. V. STATE OF TEXAS.

### Decided June 18, 1904.

**1.—Liquor Dealer's Bond—Application for License.**

A liquor dealer's bond is not invalid because his application for license to sell liquor in a town where the houses are not numbered does not state the number of the house wherein the business is to be carried on. Rev. Stats., art. 5060c.

**2.—Same—Constitutional Law—Discrimination as to Native Wines.**

The statute imposing a tax on the sale of intoxicating liquors is not unconstitutional because of the exemption of native wines in the hands of the producers or manufacturers thereof, such exemption having for its object the encouragement of the growth of grapes and the production of wines in this State.

**3.—Same—Two Penalties Recoverable.**

The State may recover for two or more penalties of $500 each for different breaches of the bond, since the statute provides for recoveries on the bond until its amount is exhausted. Rev. Stats., art. 5060g.

**4.—Same—Minor Remaining in Saloon.**

Where a minor entered a saloon for the purpose of repairing a gasoline lamp, and remained there a minute or two for that purpose, it was no defense that he entered for a harmless purpose.

Appeal from the District Court of Somervell. Tried below before Hon. W. J. Oxford.

*John J. Hiner, W. D. Wilson,* and *T. L. Camp,* for appellant.

*E. P. Lea, F. H. Chandler,* and *J. T. Daniel,* for appellee.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by appellant Douthit and his bondsmen from a judgment in favor of the State of Texas, upon a malt liquor dealer's bond. The State sought and obtained the recovery upon allegation and proof that appellants had breached said bond by permitting Ellis Knott, a minor, to enter and remain in appellant Douthit's place of business, and by failing to keep a quiet and orderly house, as required by law.

The appellants upon trial sought by pleading, by objection to the testimony and by requested charge, to avoid liability herein, upon the ground that neither the application for a license for the sale of malt liquor, the license itself, nor the bond sued on, gave the exact location of the house in which it was proposed to carry on the saloon business. The evidence shows that Glen Rose, which is the county seat of Somervell County, has a population of some 700 to 1000 people, and is incorporated for school purposes, and that it is laid off in streets, lots and blocks, with a public square, in the center of which is a courthouse. It is also shown that the streets are named and that the blocks and lots are numbered. But it is further shown that the houses in the town of Glen Rose are not numbered. So that, even literally, the case does not fall within article 5060c of the statutes, which requires that the application for the license shall contain "the street and number of

house," if the same be "in any city or town in which streets are named and houses numbered." Moreover, the case upon this point is ruled by the principles announced in Green v. Southard, 2 Texas Ct. Rep., 240.

Next, the law imposing a tax upon the occupation of selling liquors is itself attacked, because of its alleged violation of the Constitution of the United States, in that article 5060i thereof stipulates, "The provisions of this chapter shall not apply to wines produced from grapes grown in this State, while the same is in the hands of the producers or manufacturers thereof." We do not think the statute is rendered obnoxious to the Federal Constitution by reason of this provision. Considering the latitude allowed to a State in the exercise of its taxing power, the classification is a reasonable one, and therefore proper. It has for its object the encouragement of the growth of grapes and the production of wines therefrom in this State. Whether the same is a wise or an unwise provision does not concern us. It is at least a valid one. American Sugar Refining Co. v. Louisiana, 179 U. S., 88, 45 L. Ed., 102; Supreme Lodge U. B. A. v. Johnson, 98 Texas, 1, 10 Texas Ct. Rep., 299; Higgins v. Rinker, 47 Texas, 393; Tierman v. Rinker, 102 U. S., 123, 26 L. Ed., 103.

The recovery in this case was for the sum of $1000, being for two breaches of the bond as already stated. It is insisted that since the recovery is a penalty, that under the statute not exceeding the sum of $500 can be recovered by the State in any one suit, regardless of whether one or more of the conditions of the bond have been broken. But we are of the opinion that the State is not so limited in its recovery by the terms of the statute giving the cause of action. The language of the statute argues differently. In article 5060g it is provided: "In addition to civil proceedings for individual injuries brought on said bond as above indicated, if any person, firm or association of persons shall violate any of the conditions of the bond herein required, it shall be the duty of the county and district attorneys, or either of them, to institute suit thereupon in the name of the State of Texas for the use and benefit of the county, and the amount of $500 as a penalty shall be recovered from the principal and sureties upon a breach of any of the conditions thereof; and whenever the first or subsequent bond, as required, is exhausted by suit at the instance of individuals or for the use of the county, a new similar bond shall be given and approved before the dealer shall have the right to further pursue the business of a liquor seller." This, to our minds, indicates clearly that it was contemplated that the bond of such dealer might be entirely exhausted by suit or suits at the instance of the officers named. That the recovery is denominated a penalty proves nothing, since the recovery, even at the suit of an individual, is also held to be a penalty which abates upon the death of the principal in the bond. Johnson v. Rolls, 97 Texas, 453, 9 Texas Ct. Rep., 637.

No useful purpose could be subserved by requiring the State to pros-

ecute separate suits against the same obligors for separate breaches of the bond. We think the facts show an entry and remaining in appellant's place of business by the minor Ellis Knott, within the terms of the statute. It is undisputed that he did enter Douthit's place of business upon his invitation, for the purpose of repairing, or of assisting to repair, a gasoline lamp, and that he remained in there a minute or two for that purpose. We do not think this entry and remaining is excusable merely because the minor entered the saloon for a harmless purpose. If a minor were permitted to enter and remain in a saloon whenever, and for whatever time, he had real or imaginary business, the beneficent purposes of the statute would be entirely frustrated. The case is not controlled by the line of cases holding that an entry and remaining by a minor for such time only as to enable him to purchase a drink is not a violation of the conditions of the bond.

The evidence is also sufficient to support the verdict and judgment upon the other branch of the case.

The judgment of the District Court is in all things affirmed.

*Affirmed.*

Writ of error granted; judgment affirmed in part; reversed and rendered in part.