



# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Hon. J. Y. Boyd
County Auditor
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. V-225

Re: Constitutionality of
S. B. 272, Acts of the
50th Legislature, 1947.

Your request for an opinion of this Department
on the above subject matter is as follows:

"Senate Bill 272 which became law May 2,
1947, affects salaries of all deputies, clerks
and assistants of public officials of Lubbock
County for current month. In view of this fact,
will appreciate your opinion as to constitution-
ality of such bill."

S. B. 272, Acts of the 50th Legislature, 1947, is
an Act amending Art. 3902, V.C.S., allowing additional com-
pensation for deputies, clerks and assistants of district,
county and precinct officials in counties of this State hav-
ing a population of not less than 51,782 inhabitants and not
more than 52,500, according to the last preceding federal
census. According to the last preceding federal census,
Lubbock County is the only county in this State falling
within the above classification.

Art. III, Sec. 56, of our State Constitution pro-
vides in part as follows:

"The Legislature shall not, except as other-
wise provided in this Constitution, pass any
local or special laws, . . . regulating the af-
fairs of counties, cities, towns, wards or school
districts; . . . creating offices or prescribing
the powers and duties of officers, in counties,
cities, towns, election or school districts;
. . ."

We quote the following from our Opinion No. 0-2221, which was upheld by the Court of Civil Appeals in the case of Oakley v. Kent, 181 S.W. (2d) 919:

"A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the part and exclusion of the balance upon characteristics peculiar to the part, which, considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related. 25 R. C. L. pp. 815-816; 12 Am. Jr. p. 146; Smith v. State (Ct.Cr.App.), 49 S. W. (2d) 739; Randolph v. State, (Ct.Cr. App.), 36 S.W. (2d) 484; Clark v. Finley, 93 Tex. 171, 54 S.W. 343; . . ."

In the case of County of Bexar v. Tynan, 97 S.W. (2d) 467, the Supreme Court of Texas announced the following principle, which controls the matter herein:

"Notwithstanding it is true that the Legislature may classify counties upon the basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law."

We quote the following from Oakley v. Kent, supra:

"Point 2 challenges said ruling of the trial court on the ground that the bill is wholly unconstitutional in that Sec. 3 thereof, having reference to the employment and payment of a deputy assessor-collector of taxes, applies only to counties having a population of 140,000 to 220,- 000 inhabitants, according to the 1940 Federal census, so that all other counties are excluded and Jefferson County only comes within such provision, and so the provision excludes counties of lesser or greater population from

employment and paying a deputy assessor-collector
of taxes, and for such reasons Sec. 3 is arbi-
trary and discriminatory and is but a local or
special law passed under the guise of a general
statute and violates Art. 3, Sec. 56 of the
State Constitution, Vernon's Ann. St., forbid-
ding the Legislature to pass any law regulating
the affairs of any such county, creating offices
or prescribing the power or duties of officers
in counties.

"Point 3 challenges the court's action in
giving the peremptory instruction and refusing
to enjoin the county treasurer and county audi-
tor of Jefferson County from issuing, register-
ing and paying the salary of the purchasing
agent for said county according to the provis-
ions of Sec. 4(a) of said bill, because the bill
is unconstitutional in that Sec. 4(a), having
reference to the creation and payment of a county
purchasing agent, applies to the 1940 Federal
census so that all other counties are excluded
and Jefferson County only comes within such pro-
visions and so counties of lesser or greater
population are not permitted to exercise the
power of appointing a purchasing agent. That by
reason of such situation Sec. 4(a) is arbitrary and
discriminatory and but a local or special law pas-
sed under the guise of the general statute and
violative of Art. III, Sec. 56, forbidding the leg-
islature passing any such law regulating the af-
fairs of any such county, creating offices or pre-
scribing the powers or duties of the officers in
counties. . .

"'Because population as a basis for clas-
sification has been sustained by the courts in
respect to legislation on certain subjects, it has
been assumed, erroneously, that population brackets
will serve in all instances to avoid the condem-
nation of the Constitution. This mistaken assump-
tion proceeds from a failure to note that
population has been sustained as a basis for
classification only in those instances where
it bore a reasonable relation to the objects
and purposes of the law and was founded upon
rational difference in the necessities or
conditions of the groups subjected to differ-
ent laws. Where it has been determined that,

considering the objects and purposes of the law, differences in population afford no rational basis for discriminating between groups of the same natural class, classification on the basis of population has been termed arbitrary selection, and the law has been held to be special and local. Randolph v. State,supra.

"'Where population might have served as a rational basis for classification, if the object and purpose of the law had been to increase the compensation of county officers, since the purpose of the particular law was to lower such compensation the classification was held to be inverted and the law special and local. Bexar County v. Tynan, supra.* * *'

"In view of the foregoing authorities it is our opinion that Section 4 of the act clearly violates the provisions of Article III, Section 56, of the State Constitution and is therefore unconstitutional and void."

. We quote the following from Miller, et al, v. El Paso County, (Sup. Ct.) 150 S.W.2d 1000:

"It will be noted that the Act in question by its terms is made applicable only in those counties having a population of not less than 125,000 nor more than 175,000 inhabitants, and containing a city having a population of not less than 90,000 inhabitants, as shown by the last preceding Federal census. The evidence shows, without dispute, that the only county within the State coming within the provisions of the Act at the time of its adoption was El Paso County. The Legislature was doubtless cognizant of this fact. It was also cognizant of the fact that another Federal census would not be taken until 1940, and that as a consequence no other county would come within the terms of the Act for a period of five years after its adoption. We must presume, therefore, that it was intended by the Legislature that said Act should apply only to El Paso County during said period of time. As a matter of fact, no other county met the population requirements of the Act under the 1940 census, and as a consequence El Paso County is the only county that will be affected thereby until after 1950.

"We are therefore met at the outset with a law which, under facts well known at the time of its adoption, was applicable only to a single county. Clearly then it is a local law and must fall as such, unless it can be fairly said that the class so segregated by the Act is a substantial class and has characteristics legitimately distinguishing it from the remainder of the State so as to require legislation peculiar thereto. In this instance the classification is made to rest entirely on the population of the county and a city therein. Resort to population brackets for the purpose of classifying subjects for legislation is permissible where the spread of population is broad enough to include or segregate a substantial class, and where the population bears some real relation to the subject of legislation and affords a fair basis for the classification. It has been legitimately employed in fixing fees of offices in certain cases (Clark v. Finley, Comptroller, 93 Tex. 171, 178, 54 S.W. 343), but even then it is permissible only where the spread of population is substantial and is sufficient to include a real class with characteristics which reasonably distinguish it from others as applied to the contemplated legislation, and affords a fair basis for the classification. Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467."

For additional authorities see Lewis Sutherland Statutory Construction (2nd ed.), p. 397 et seq; Ex Parte Carson (Crim. App.) 159 S.W.2d 126; Jameson v. Smith 161 S.W.2d 520; City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228; Supreme Lodge Benevolent Ass'n. v. Johnson, 98 Tex. 1, 81 S.W. 18; Smith v. State, 49 S.W.2d 739; Randolph v. State, 46 S.W.2d 484; Fritter v. West, 65 S.W.2d 414, writ refused; State v. Hall, 76 S.W.2d 880; Wood v. Marfa Ind. School Dist., 123 S.W.2d 429; Leonard v. Road Maintenance Dist. No. 1, 187 Ark. 599, 61 S.W.2d 70.

Since S. B. 272, Acts of the 50th Legislature, 1947, applies only to Lubbock County, it is our opinion, in view of the foregoing authorities, that the classification contained in said bill is not based on a real distinction, but is an arbitrary classification and is in substance a local or special law. Therefore, it is our opinion that S. B. 272 is unconstitutional and void.

### SUMMARY

S. B. 272, Acts of the 50th Legislature, 1947, a salary bill affecting only Lubbock County, violates Art. III, Sec. 56, of our State Constitution and is unconstitutional.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL

JR:jrb