## BANKERS UNION OF THE WORLD v. D. J. NABORS.

### Decided May 7, 1904.

**1.—Foreign Corporation—Service Upon—Fraternal Insurance Order.**

Service of citation, in an action against a fraternal insurance order dom-iciled in Kansas, made upon the president of a local lodge of that order in the county in Texas where the suit was brought, was a sufficient service upon the defendant under the statute authorizing process against a foreign corporation to be served upon "any local agent" thereof. Rev. Stats., art. 1223.

**2.—Same—Local Lodges.**

Each local lodge of such an order is the agent of the order.

**3.—Same—Statute as to Service on Insurance Commissioner.**

The Act of 1899 providing for service, in suits against beneficiary asso-ciations, upon the State Insurance Commissioner, is merely cumulative, and does not render service had under the general statute as to foreign corpora-tions ineffectual.

**4.—Same—Consolidation of Orders—Policy Merged in Judgment.**

Where N., defendant herein, brought suit on a benefit policy, and ob-tained judgment, against a fraternal insurance order, which order was after-wards merged by consolidation with the plaintiff order, and defendant then brought suit on his judgment and obtained a judgment against plaintiff herein, and plaintiff then brought this suit to set aside that judgment, it could not urge that the judgment in the original suit on the benefit policy was rendered on a petition that was subject to general demurrer, since the benefit policy was merged into a judgment, and such judgment was the claim upon which the judgment here sought to be set aside was obtained against plaintiff.

**5.—Same—Practice on Appeal.**

The question that the judgment sought to be vacated in this action was not authorized by any evidence introduced at the trial can not be raised where no sufficient reason is shown why it was not urged upon the trial of the case.

Appeal from the District Court of Hopkins. Tried below before Hon. H. C. Connor.

*W. E. Murphy, L. A. Hill,* and *Crosby & Dinsmore,* for appellant.

*Wayland McBride* and *L. L. Word,* for appellee.

TALBOT, ASSOCIATE JUSTICE.—This suit was instituted May 7, 1903, by appellant, Bankers Union of the World, a fraternal beneficiary asso-ciation, incorporated under the laws of Nebraska, to set aside a judg-ment rendered in favor of appellee, D. J. Nabors, and against appellant in the District Court of Hopkins County, Texas, on the 26th day of August, 1902, for the sum of $1009.30.

It seems that the National Aid Association, also a fraternal beneficiary association, incorporated under the laws of Kansas, had issued a certifi-cate or policy of insurance to appellee on the life of his wife, Annie Nabors, for $1000, as a member of its subordinate lodge in Hopkins County, Texas; that Annie Nabors, the wife, died in July, 1901; that the certificate or policy of insurance issued on her life was not paid, and that appellee brought suit thereon in the District Court of said Hopkins County, against the said National Aid Association, and on the —— day

of March, 1902, recovered judgment for the sum of $1000, and costs of suit which amounted to the sum of $9.30.

This judgment was not paid, and on the 12th day of August, 1902, appellee brought suit in the District Court of Hopkins County, Texas, against appellant, Bankers Union of the World, the cause being numbered 3979 on the docket of said court, and among other things alleged the issuance to him of the benefit certificate or insurance policy on the life of his wife by the National Aid Association, and that at the January term, 1902, of the District Court of Hopkins County, Texas, in a certain cause therein pending, No. 3912, wherein appellee was plaintiff and the said National Aid Association was defendant, appellee Nabors recovered a judgment upon the said certificate for the sum of $1000 and costs of said suit amounting to $9.30; that on or about November 1, 1901, under the laws of the State of Kansas, the said National Aid Association and appellant, Bankers Union of the World, were consolidated, whereby the National Aid Association was absorbed and merged into the Bankers Union of the World; that the conditions, with other things, imposed upon the Bankers Union of the World, for which it received a valuable consideration, by said consolidation, were to pay all death losses and claims against the National Aid Association at the time of the consolidation. Appellee further alleged in said suit No. 3979, that T. C. McCorkle resided in Hopkins County, Texas, and was an agent of appellant, representing it in said county, and prayed judgment against appellant for the sum of $1000, and the costs of said suit No. 3912.

Citation was issued in said cause No. 3979 and served by the delivery of a copy thereof to said T. C. McCorkle, as the local agent of appellant in said Hopkins County. Appellant, the Bankers Union of the World, did not answer in said cause and judgment by default was rendered therein in favor of appellee and against appellant on the service had on McCorkle, as its agent, for the amounts prayed for. This judgment appellant seeks to have vacated and annulled by this suit, for the following reasons, briefly stated, to wit:

1. That T. C. McCorkle, on whom service of citation was had in said cause No. 3979, was not its agent.

2. That appellee's pleadings in cause No. 3979 were obnoxious to a general demurrer, and therefore insufficient to warrant and support a judgment by default.

3. That no evidence whatever was introduced when the judgment by default was taken.

There was a trial without a jury and judgment rendered, denying appellant the relief sought, and it appealed.

*Opinion.*—Among the representatives of a foreign corporation upon whom service may be had in a judicial proceeding in order to clothe the court with jurisdiction and authorize a judgment against such corporation, is its local agent; and we are of opinion that the controlling question in this case is, was T. C. McCorkle, to whom the citation was de-

livered, such 'agent? This question we think should be answered in the affirmative.

The evidence shows that appellant was a beneficiary association composed of a supreme lodge, grand lodges and subordinate lodges. The president of the supreme lodge is authorized to institute subordinate lodges and furnish them with charters. The officers of a subordinate lodge are a president, vice-president, medical examiner, secretary, etc. The supreme lodge provides laws for the government of the subordinate lodges, and has power to revoke their charters. E. C. Spinney, president of the supreme lodge of the Bankers Union of the World, appellant herein, authorized the organization of a subordinate lodge of the order at Sulphur Springs, in Hopkins County, Texas, and furnished it with a charter, supplies, etc., necessary for the maintenance of said subordinate lodge and the prosecution of its insurance business in said county. T. C. McCorkle was president of this subordinate lodge, whose duties were to preside over its meetings and call special meetings when necessary; to decide all questions of law and order, subject to the approval and confirmation of the supreme lodge president; to approve every claim and countersign all orders on the treasury before payment is made; and to perform all other duties reasonably necessary and required by the laws of the association.

Persons obtain membership in the association, and secure the insurance thereby offered, by application made to the subordinate lodges on written or printed forms prescribed by the corporation's board of directors. If a member is elected, he must be examined by the lodge physician and pay the membership fee for policy desired. All applications for membership in the subordinate lodges must be sent to the Bankers Union of the World, accompanied by the supreme medical examining fee of 50 cents, and at the same time the secretary of the subordinate lodge is required to remit the sum of $1 to cover the certificate or policy of insurance fee. There are other matters in evidence showing the relation of the subordinate lodges and their officers to the corporation and its supreme lodge, but what has been stated we think amply sufficient to establish that subordinate lodges are agents of the association, and the president of such lodge is a local agent of the corporation, upon whom service is authorized by the statute of this State requiring the corporation to appear and answer in suits filed against it. The primary object of these benevolent orders and regular or old life insurance companies is the same—the writing of insurance. The end in view is attained by the prosecution of different methods. The latter class, through agents appointed for the purpose and located at different points in the territory where they desire to do business, solicits and writes the policies, subject to the approval of the home office, for established premium rates, varying according to the hazard of the risk. The policy of the class with which we are dealing is to organize and establish inferior lodges, conducted and presided over by officers elected from its membership, whose duty it is to solicit members, and whose election results in the issuance of insurance

policies for the amount prescribed by the laws of the order, upon the payment of certain fees and dues representing the premium charged.

It has been repeatedly held that service upon such local agents of ordinary insurance companies is service upon the company in all jurisdictions where service is authorized upon "local agents." We are aware of no good reason why the same rule should not apply to benevolent orders conducted on the plan adopted by appellant. The relation of a subordinate lodge and its officers to the supreme lodge was involved in the case of Knights of Pythias v. Bridges, 39 S. W. Rep., 333, and in discussing the question Judge Collard said: "Bridges was admitted as a member of the local lodge under the forms and according to the laws of the order as promulgated by the supreme lodge and the board, and it was organized by express warrant of the board. We do not hesitate to say that the inferior lodges and their officers, acting in the scope of their authority, were the agents of the order, and that their knowledge of facts affecting their duties would be notice to the supreme lodge of such facts, as in case of agents of ordinary insurance companies." Dixon v. Order of Railway Conductors, 49 Fed. Rep., 210, was a suit to vacate a judgment taken on service had on the secretary of a local lodge of the order. It was held that the service was sufficient. See also 6 Thompson's Com. on Corp., sec. 8039.

But it is contended by appellant that since the passage of the Act of 1899, relating to fraternal beneficiary associations, service of citation in this class of cases must be had on the Commissioner of Insurance. The act referred to prescribes the conditions upon which such foreign association may do business in this State, and requires that it shall appoint the Commissioner of Insurance of Texas as its agent upon whom service may be had in the event of suit against it. The act does not expressly repeal the general law (Rev. Stats., art. 1223), authorizing service of citation on "local agents" of foreign corporations, and we are of opinion it does not do so by implication. It is believed the statute of 1899 is merely cumulative of the general law upon the subject, and that service in accordance with either statute is legal service and sufficient.

Holding, as we do, that T. C. McCorkle was the local agent of appellant, representing it in Hopkins County, Texas, and that service upon him in the suit, culminating in the judgment sought to be annulled by this proceeding, was service upon the appellant, the other grounds assigned for vacating such judgment can not be considered or maintained here.

It is not suggested by any evidence in the record that McCorkle acted fraudulently toward appellant in neglecting to inform the supreme officers of the corporation of the pendency of the suit; and having been duly cited through him to appear and answer in said cause, and having failed to show that it was prevented by fraud or other uncontrollable circumstances the opportunity of properly presenting its defenses upon the trial, equity will not interfere to vacate the judgment rendered against it, but all defensive matters which should have been urged in that

suit are concluded by said judgment and can not afford any basis for a recovery in this action.

With regard, however, to the contention that the petition of appellee upon which the judgment by default was rendered in cause No. 3979 was subject to a general demurrer, and insufficient to support such judgment, we remark that it would seem that appellee's cause of action was founded on his judgment obtained against the National Aid Association in cause No. 3912 and the assumption of such debt on the part of appellant, and not on the policy of insurance issued on the life of Mrs. Nabors. This certificate or policy was merged in the judgment, as shown by appellee's petition and the judgment in cause No. 3912, which were introduced in evidence on the trial of the case at bar by appellant, and said judgment was in existence at the time of the alleged consolidation, and an unpaid claim against the National Aid Association.

This action being in the nature of a bill of review, the question that the judgment sought to be vacated was not authorized by any evidence introduced on the trial can not be raised here, because no sufficient reason is shown why it was not urged upon the trial of said cause.

Our conclusion is that the proper judgment was rendered in the court below, and the same is affirmed.

*Affirmed.*

Writ of error refused.