MODERN WOODMEN OF AMERICA v. METCALFE.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 13, 1913.)

INSURANCE (§ 814*) — FRATERNAL BENEFICIARY ASSOCIATIONS—PROCESS.

Acts 31st Leg. (1st Ex. Sess.) c. 36, § 19, prescribing a mode for service of citation on fraternal beneficiary associations, does not take away the right to serve them in the usual mode prescribed .by general law, which mode must be adopted where the association has not complied with the act.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1995; Dec. Dig. § 814.*]

Error to District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Mrs. Willie Metcalfe against the Modern Woodmen of America. Judgment for plaintiff, and defendant brings error. Affirmed.

Pat M. Neff, of Waco, and Harry Tom King, of Abilene, for plaintiff in error. Hardwicke & Hardwicke and D. M. Oldham, all of Abilene, for defendant in error.

---

SPEER, J. This is an action commenced in the district court of Taylor county by Mrs. Willie Metcalfe against the Modern Woodmen of America to recover on an insurance policy issued by the defendant on the life of plaintiff's former husband, Hugh Metcalfe. Plaintiff in her petition alleged that the defendant was a fraternal beneficiary association incorporated under the laws of the state of Illinois, doing business in this state under a permit to do business in Texas. The citation issued in the case was served on S. L. Dryden, local agent of the company at Abilene. Dryden filed a plea as amicus curiæ, suggesting that defendant was an incorporated fraternal beneficiary association, and that no service had been had upon it as required by Acts 31st Leg. p. 364, regulating fraternal beneficiary associations. Plaintiff answered this plea, and the court overruled it and proceeded to hear and determine the case in plaintiff's favor; the defendant making no further answer in the case. The defendant in due time presented its motion for a new trial, and from the order of the court overruling this, it has perfected its writ of error.

The sole question presented for our consideration is whether or not section 19 of the Acts of the Thirty-First Legislature (Laws 1909, p. 357), regulating fraternal beneficiary associations, prescribing a method for service of citation upon such associations, is exclusive of the ordinary method prescribed by general law. That section provides: "Every association, domestic or foreign, now transacting business in this state shall, within thirty days after the passage of this act, and every such association hereafter applying for admission shall, before being licensed, appoint in writing the Commissioner of Insurance and Banking and his successors in office, to be its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served and in such writing shall agree that any lawful process against it, which is served upon such attorney, shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this state. Copies of such appointment certified by said Commissioner of Insurance and Banking shall be deemed sufficient evidence thereof and shall be admitted in evidence with the same force and effect as the original thereof might be admitted. Service may only be made upon such attorney, must be made in duplicate and shall be deemed sufficient service upon such association: Provided, however, that no such service shall be valid or binding against any such association when it is required thereunder to file its answer, pleading, or defense in less than thirty days after the date of such service. When legal process against any such association is served upon said Commissioner of Insurance and Banking, he shall forthwith forward, by registered mail, one of the duplicate copies, prepaid and directed to its secretary or corresponding officer. The plaintiff in such process so served shall pay to the Commissioner of Insurance and Banking for the use of the state at the time of such service a fee of two dollars, which shall be recovered by him as part of the taxable costs, if he prevails in the suit."

To our minds the evident purpose of the act was to facilitate the service of citation upon defendant insurance companies by furnishing an additional method for procuring such service, and not in any sense to lessen the rights of citizens complaining of them by taking away the right to serve them in the usual method. The act certainly does not expressly repeal the statutes authorizing service of citation as in the case of ordinary defendants, and we do not think it should be held to have done so by implication. A reading of the entire section leaves no room to doubt in our minds that the Legislature meant merely that service of citation upon the Commissioner of Insurance and Banking should be of the same legal force and validity as if served upon the association in the usual way, subject only to the provision that, in the event of such service of the Commissioner 30 days instead of 10 should be allowed for filing the defendant's answer. Banker's Union v. Nabors, 36 Tex. Civ. App. 38, 81 S. W. 91; Henrietta Mining Co. v. Johnson, 173 U. S. 221, 19 Sup. Ct. 402, 43 L. Ed. 675. But, aside from our construction of the statute, there is nothing in defendant in error's petition, the plea of the agent Dryden, or the motion of plaintiff in error for a new trial, to show that plaintiff in error ever at any time appointed in writing the Commissioner of Insurance and Banking to be its true and lawful attorney upon whom service of legal process might be had. A fraternal beneficiary association attempting to do business in Texas without complying with this provision might subject itself to the penalties of the statute for such failure, but in the absence of such a compliance it cannot be conceived how a plaintiff could obtain jurisdiction over it as a defendant except in the usual way. There is no question made but that Dryden is a proper agent upon whom service may be had under the general law, and for the reasons given we hold service upon him was sufficient in the present case.

The judgment of the district court is affirmed.