INTERNATIONAL ORDER OF TWELVE, KNIGHTS AND DAUGHTERS OF TABOR, v. BROWN et al.  (No. 1690.)

(Court of Civil Appeals of Texas.  Texarkana. Nov. 30, 1916.)

INSURANCE ☜814—MUTUAL BENEFIT INSURANCE—WAIVER OF PROCESS—STATUTE.

Under Acts 33d Leg. c. 113, § 17 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4844), providing that service of citation in a suit against a fraternal beneficiary society shall be made on the commissioner of insurance, and that legal process shall not be served on such society in any other manner, which act was passed after the previous statute had been construed to provide only an additional method of service, service on the commissioner is the exclusive mode of service, whether the society is incorporated or not, and judgment by default cannot be rendered, where service was had only on the recorder of a local lodge.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1995 ; Dec. Dig. ☜814.]

Error from Franklin County Court; O. L. Reaves, Judge.

Action by Tommy Brown and others against the International Order of Twelve, Knights and Daughters of Tabor. Judgment for plaintiffs by default, and defendant brings error.  Reversed and remanded for new trial.

R. T. Wilkinson, of Mt. Vernon, for plaintiff in error. L. W. Davidson, of Mt. Vernon, for defendants in error.

WILLSON, C. J.  The writ was prosecuted from a judgment by default against plaintiff in error in favor of Tommy Brown, in his individual capacity and as next friend of the minors, Tommy, Jr., Rosellee, Mary Ella, William, and Louella Brown, for $300, the sum claimed to be due them as the beneficiaries named in a benefit certificate issued by plaintiff in error to Hattie Brown, deceased.

It appears that the judgment was unauthorized, because service, as required by law, of a citation was not had on plaintiff in error before it was rendered.  The service was on one Lottie Gatlin, chief recorder of one of plaintiff in error's local lodges, when it should have been on the commissioner of insurance; for, it seems, plaintiff in error was a fraternal beneficiary society (but whether incorporated or not does not appear in the record).  The Legislature in section 17 of Act April 2, 1913 (Gen. Laws, p. 227), after declaring the service of a citation in a suit against such a society shall be made on the commissioner of insurance, declared:

"Legal process shall not be served upon any such society except in the manner provided herein."

Defendants in error cite Bankers' Union of the World v. Nabors, 36 Tex. Civ. App. 38, 81 S. W. 91, and Modern Woodmen of America v. Metcalfe, 154 S. W. 662, as cases supporting his contention that the mode of service of a citation provided by the act was merely cumulative of the general law upon the subject, and, therefore, that the service had on the chief recorder of the local lodge was sufficient.  The ruling made in the first of the two cases mentioned was with reference to Act May 12, 1899 (Gen. Laws, p. 195), and that in the other case with reference to Act May 1, 1909 (Gen. Laws, p. 357).  The act of 1899 was repealed by the act of 1909, which in turn was repealed by Act April 2, 1913, above referred to, which was in force at the time the service was had.  Neither the act of 1899 nor the act of 1909 contained the provision in the act of 1913 set out above. It would seem, therefore, that that provision was made because of the rulings in the cases cited and with the intent on the part of the Legislature to provide an exclusive mode of service of a citation in such cases.  That such was the intent of the Legislature is further indicated by the fact that the language used in the act of 1909 was that "service *may* only be made upon such" commissioner, while that used in the act of 1913 is that "service *shall* only be made upon such" commissioner.

The judgment will be reversed, and the cause remanded for a new trial.