HAYTIAN TABERNACLE NO. 604, INTERNATIONAL ORDER OF TWELVE, KNIGHTS AND DAUGHTERS OF TABOR, v. McKINNEY et ux. (No. 7941.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1920.)

Insurance ☞814—In action against fraternal society citation must be served on commissioner of insurance.

Vernon's Sayles' Ann. Civ. St. 1914, art. 4844, clearly requires service of citation upon the commissioner of insurance in all suits against fraternal benefit societies, and no other service of citation is sufficient to authorize default judgment against the defendant.

Error from Grimes County Court; T. P. Buffington, Judge.

Suit by Mollie McKinney, joined by her husband, Tom McKinney, against Haytian Tabernacle No. 604, International Order of Twelve, Knights and Daughters of Tabor. Default judgment for plaintiffs, and the defendant brings error. Reversed and remanded.

Jones, Sexton, Casey & Jones, of Marshall, for plaintiff in error.

PLEASANTS, C. J. This writ of error is prosecuted by plaintiff in error, a fraternal benefit association, from a judgment by default rendered against it in the court below in favor of defendants in error for the sum of $300, the amount of a benefit certificate of insurance issued by plaintiff in error upon the life of Laura Jackson; the said Mollie McKinney being the beneficiary in said certificate.

The suit, which was brought by Mollie McKinney, joined by her husband, Tom McKinney, was filed in the court below on July 7, 1919. The petition alleges that the defendant was a fraternal beneficiary association incorporated under the laws of the state of Texas and having its domicile at Navasota, Grimes county, Tex.

On July 9, 1919, citation was issued on this petition directed to the sheriff of Dallas county, commanding him to summon the defendant association to appear and answer plaintiff's suit at the July term of the said county court, and directing that service of said citation be made on C. E. W. Day, Chief Grand Mentor of said association. The return on this citation shows that it was served on J. S. Adair, Chief Mentor of the association, on July 16, 1919.

On July 9, 1919, a second citation was issued to and served by the sheriff of Harrison county on S. S. Reid, Chief Grand Scribe of defendant association.

A third citation issued on July 9, 1919, was served by the sheriff of Grimes county on E. E. Dean, High Priestess, and H. E. Taylor, Chief Scribe, of the order at Navasota, and their husbands, Pat Dean and L. Taylor, on July 10, 1919.

The record does not show the service or issuance of any other citation.

There was no answer or appearance by the defendant. Judgment by default was rendered in favor of plaintiffs in the court below on August 1, 1919. This writ of error was sued out by the defendant on December 29, 1919.

The only question presented by this appeal is the sufficiency of the service of citation to authorize a judgment by default against the defendant. The statute settles this question in favor of plaintiff in error. Article 4844, Vernon's Sayles' Civil Statutes, provides, in substance, that every fraternal benefit society transacting business in this state shall appoint in writing the commissioner of insurance, and his successors in office, its true and lawful attorney upon whom all legal processes against it shall be served. This article further provides:

"Service shall only be made upon such attorney, must be made in duplicate upon the commissioner of insurance and banking, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said commissioner of insurance and banking he shall forthwith forward by registered mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society except in the manner provided herein."

It seems to us that this statute clearly requires service of citation upon the commissioner of insurance in all suits against a fraternal benefit society, and that no other service of citation is sufficient to authorize a judgment by default against such society. This is the holding of the Court of Civil Appeals for the Sixth district in the case of International Order v. Brown, 190 S. W. 251, and we have no doubt of the soundness of that opinion.

Because the service was insufficient to authorize a judgment by default against plaintiff in error, the judgment is reversed and the cause remanded.

Reversed and remanded.