## MOSAIC TEMPLARS OF AMERICA v. BRISCOE. (No. 8851.)

(Court of Civil Appeals of Texas. Dallas. June 2, 1923.)

Insurance ⬅814—Statutory mode of service upon fraternal society held exclusive.

The mode of service upon fraternal insurance societies, by serving process upon the commissioner of insurance and banking, pre- scribed by Vernon's Sayles' Ann. Civ. St. 1914, art. 4844, is exclusive, and an attempted service upon such a society by service upon its secretary is a nullity.

Error from Ellis County Court; F. L. Wilson, Judge.

Action by Rosie Briscoe against the Mosaic Templars of America. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Scott & Casey, of Marshall, for plaintiff in error.

HAMILTON, J. Plaintiff in error is a fraternal insurance society doing business in the state of Texas. This suit was instituted by the defendant in error to recover on a certificate of insurance alleged to have been issued by plaintiff in error upon the life of H. B. Briscoe, and payable to the defendant in error, Rosie Briscoe, as beneficiary.

Citation was issued and delivered to the sheriff of Ellis county for service upon plaintiff in error's secretary. The sheriff made his return showing that service was had upon the local secretary and agent of plaintiff in error. The cause came on for trial at the next succeeding term of the court. Plaintiff in error did not answer, and judgment by default was taken. Plaintiff in error thereupon sued out its application for a writ of error to this court, and the judgment entered upon service of process in the manner above described is before us for review solely upon the proposition that service of citation required by law was not had upon the plaintiff in error before the judgment was rendered, and that, since plaintiff in error did not accept service, or waive service, the court erred in rendering any judgment against it.

Article 4844, V. S. T. C. S. 1914, provides that every society, whether domestic or foreign, transacting business in this state shall appoint, in writing, the commissioner of insurance and banking, and his successors in office, as its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served. The article provides that service shall be had only upon the commissioner of insurance and banking in suits against such societies. The statute further provides that when process against any such society is served upon the commissioner of insurance and banking he shall forthwith forward, by registered mail, one of the duplicate copies of the service which the law requires to be made upon him to the secretary or corresponding officer of the society, which shall have at least 30 days from the date of mailing of such copy within which to file its answer. The statute also provides that "legal process shall not be served upon any such society except in the manner provided herein." The terms of this

---

statute provide mandatorily the one specified, exclusive method of service in suits against societies of the character plaintiff in error is alleged to be. In view of the statute, no service was had upon plaintiff in error, for the reason that the commissioner of insurance and banking was not served by the only method the statute requires and permits. International Order of Twelve Knights and Daughters of Tabor v. Brown et al. (Tex. Civ. App.) 190 S. W. 251; International Order of Twelve Knights and Daughters of Tabor v. McKinney et ux. (Tex. Civ. App.) 224 S. W. 202.

The judgment is reversed, and the cause remanded.

━━━━━

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes