## KIRKBRIDE v. MAUZY. (No. 8590.)*

(Court of Civil Appeals of Texas. Galveston. Dec. 4, 1924. Rehearing Denied Jan. 8, 1925.)

1. **Insurance ☞814—Service must be on commissioner of insurance and banking, when society has appointed him attorney.**

Where insurance society, in compliance with Rev. St. art. 4844, has appointed commissioner of insurance and banking its attorney, service of all legal process must be made on him.

2. **Insurance ☞814—On failure of society to appoint commissioner of insurance and banking its agent service may be made on officers.**

In action against fraternal benefit society which has not complied with Rev. St. art. 4844, requiring appointment of commissioner of insurance and banking as its attorney, service may be made on officer of society, under article 1861.

3. **Garnishment. ☞117—On failure to serve fraternal benefit society, making judgment against it void, garnishment fails.**

Since judgment in action against fraternal benefit society not complying with Rev. St. art. 4844, on service on commissioner of insurance and banking only is void garnishment thereon fails, there being nothing to base it on.

4. **Constitutional law ☞205(3), 240(2), 296 (1) — Insurance ☞689 — Statute exempting certain societies from requirement of appointing commissioner of insurance and banking their attorney constitutional.**

Rev. St. art. 4855, excepting certain insurance societies from requirement of appointing commissioner of insurance and banking their attorney, under article 4844, does not violate Const. U. S. Amend. 14, or Const. Tex. art. 1, § 3.

Error from Harris County Court; Roy F. Campbell, Judge.

Garnishment by Annie Kirkbride against H. L. Mauzy. Judgment for defendant, and plaintiff brings error. Affirmed.

Atkinson & Atkinson, of Houston, for plaintiff in error.

Charles Murphy, of Houston, for defendant in error.

LANE, J. On the 3d day of July, 1923, plaintiff in error, hereinafter called appellant, filed an affidavit and procured the issuance of a writ of garnishment on a judgment theretofore rendered in her favor against the Brotherhood of Railroad Trainmen, a labor organization, and caused same to be served on defendant in error, H. L. Mauzy, hereinafter called appellee. Judgment was rendered discharging the garnishee, and from such judgment Mrs. Kirkbride has appealed.

The appeal is submitted to this court on the following agreed statement:

"It is agreed that on September 12, 1921, plaintiff, Annie Kirkbride, filed a petition in said court against Brotherhood of Railroad Trainmen, and caused a citation to be issued and served on the commissioner of insurance and banking at Austin, Tex., which service was made under article 4844 of the Revised Statutes. When a citation was served on the commissioner he returned to the clerk of the court the following letter:

" 'September 8, 1921.

" 'Mr. Albert Townsend, Clerk, County Court at Law, No. 2, Houston, Tex.: The inclosed citation and certified copy of plaintiff's petition in the case of Annie Kirkbride v. Brotherhood of Railroad Trainmen have been served on the commissioner by the sheriff of Travis county in duplicate. As this department has no record of any such concern as the Brotherhood of Railroad Trainmen, no such association having complied with our laws nor obtained a license as an insurance company or association, and it having failed to file in this office the power of attorney required by law to be filed by fraternal benefit societies under the provisions of section 17, chapter 113, Acts of the Thirty-Third Legislature, we have no way of sending to the defendants in this suit the process served upon the commissioner. It is therefore returned to you in order that the method in which the service was made may be brought to the attention of the court, in order that the court may pass upon the questions as to whether the defendant received legal service in this case.

" 'I am sending a carbon copy of this letter to Messrs. Atkinson & Atkinson, Houston, Tex., for their information.

" 'Yours truly,

" '[Signed] Charles V. Johnson,

" 'Deputy Commissioner.' "

On the 4th day of December, 1922, on a trial of said cause after judgment by default had been entered on the service on the commissioner as set out above, and without any other service, she recovered judgment against the Brotherhood of Railroad Trainmen in the sum of $544, with interest from that date at the rate of 6 per cent. per annum.

On the 3d day of July, 1923, she filed an affidavit for a garnishment to be issued on the judgment in said cause against Harry L. Mauzy on the 6th day of July, 1923.

To this garnishment the said Mauzy filed an answer on August 6, 1923, in which he admitted that he collected about the sum of $700 each month in dues and assessments as treasurer of a local lodge and remitted the same to the defendant Brotherhood of Railroad Trainmen, at Cleveland, Ohio, each month, and counsel for garnishee admitted in open court that at the time of the service of garnishment he, the said Mauzy, had sufficient funds on hand belonging to defendant to pay said garnishment.

Said garnishee also set up as a defense that there was no valid and binding judgment in favor of plaintiff, Annie Kirkbride, against the said Brotherhood of Railroad Trainmen,

for the reason that the service had upon the commissioner of insurance and banking was not authorized by law and that the judgment on which said garnishment was issued was void.

On the trial of the garnishment it was shown that the Brotherhood of Railroad Trainmen was and is a labor organization, and in addition has the attributes of a fraternal benefit society, and is one which limited its membership to one hazardous occupation and which issued to its members four classes of beneficiary certificates, namely: Class A, for the amount of $675; class B, for the amount of $1,350; class C, for the amount of $1,800; and class D, for the amount of $2,700, payable upon the death or total disability of the insured member. This was shown by the constitution and general rules of the Brotherhood of Railroad Trainmen, which was offered in evidence.

Upon trial of the issues in said garnishment proceedings the following judgment was rendered by the court:

"Annie Kirkbride v. Harry L. Mauzy.

No. 17701-A.

"Be it remembered that on this 12th day of September, A. D. 1923, came on to be heard and considered into regular order the above numbered and entitled cause, and then came the plaintiff, Annie Kirkbride, by her attorney of record, and likewise came the garnishee, Harry L. Mauzy, in person and by his attorney of record, and both parties announced ready for trial, and, no jury having been demanded, the matters of fact as well as of law were submitted to the court for adjudication, and it appearing to the court that cause No. 17701, Annie Kirkbride v. The Brotherhood of Railroad Trainmen, had been filed in this court September 12, 1921, and judgment by default had been entered therein in favor of the plaintiff and against the defendant December 4, 1922, and that service in said suit was had upon the commissioner of insurance and banking of the state of Texas, and that said commissioner was not authorized by the power of attorney of the defendant to accept service of said citation as against the defendant, Brotherhood of Railroad Trainmen, and for that reason the service therein and the judgment entered on said service is null and void.

"It is therefore considered, adjudged, and ordered by this court that the plaintiff, Annie Kirkbride, take nothing herein as against the garnishee, Harry L. Mauzy, and that said writ of garnishment issued herein be dissolved and the said garnishee be discharged from all liabilities herein.

"And it appearing that the garnishee was required to employ an attorney to file answer and represent him, and the sum of $20 being a reasonable fee, it is awarded to the garnishee, and all costs herein incurred are adjudged against the plaintiff, for all of which execution may issue."

Upon appeal to this court appellant, as she did in the court below, contends:

First. That the order of Brotherhood of

Railroad Trainmen is governed by the provisions of article 4844, Revised Statutes of Texas, which requires every domestic or foreign society transacting business in the state to appoint in writing the commissioner of insurance and banking as its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and shall in such writing agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society, and which said article provides that, when service is had upon such attorney, such service shall be in duplicate, and that, when such service is upon such attorney, he shall forthwith forward by registered mail one of the duplicate copies of the secretary of said society, and which further provides that "legal process shall not be served upon any such society except in the manner provided herein."

Second. That, notwithstanding the fact that said brotherhood organization is a labor organization which limits its membership to one hazardous occupation, such organization, when it issues certificates, as it does, is not exempted by article 4855, Revised Statutes of Texas, which provides as to societies which limit their membership to any one hazardous occupation, from the provisions of article 4844, and that, notwithstanding said brotherhood had not appointed the commissioner of insurance and banking as its attorney as provided by said article 4844, the process served on said commissioner, in manner and form as it was served in her suit against said brotherhood, was legal service, and the court erred in holding to the contrary.

Third. That the court erred in holding that the process served on the commissioner of insurance and banking, in her suit against the brotherhood, was as to the brotherhood void, because it is especially provided by article 4844 of the Revised Statutes of Texas that legal process shall not be served upon societies such as the brotherhood except in the manner provided thereby, and, since said process was served in the manner provided by said article, it was valid service and the only manner of service that could be had on said brotherhood.

[1, 2] None of the contentions of appellant can be sustained. It is true that, since the amendment of article 4844 in 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4844), no legal process can be served on societies which are required to appoint the commissioner of insurance and banking its attorney as provided by article 4844, when such society has complied with the provisions of said article, except in the manner therein provided. Haytian Tabernacle, etc., v. McKinney (Tex. Civ. App.) 224 S. W. 202; International Order v. Brown (Tex. Civ. App.) 190 S. W. 251. But, in cases where societies governed by article 4844 fail to appoint the commissioner of insurance and banking as its attorney in the manner and for the purposes required by said article, legal process may be served upon any officer or agent of the society named in article 1861 of the Revised Civil Statutes of this state, which provides that citations or other process may be served on the president, vice president, secretary, or treasurer or general manager, and other agents. Modern Woodmen of America v. Metcalfe (Tex. Civ. App.) 154 S. W. 662.

In the case last cited, in passing on the question now being discussed, the court said:

"But, aside from our construction of the statute, there is nothing in defendant in error's petition, the plea of the agent Dryden, or the motion of plaintiff in error for a new trial, to show that plaintiff in error ever at any time appointed in writing the commissioner of insurance and banking to be its true and lawful attorney upon whom service of legal process might be had. A fraternal beneficiary association attempting to do business in Texas without complying with this provision might subject itself to the penalties of the statute for such failure, but in the absence of such a compliance it cannot be conceived how a plaintiff could obtain jurisdiction over it as a defendant except in the usual way. There is no question made but that Dryden is a proper agent upon whom service may be had under the general law, and for the reasons given we hold service upon him was sufficient in the present case."

[3] It having been shown by the agreed statement of facts that no legal service was had on the Brotherhood of Railroad Trainmen in the suit brought by appellant, it follows that it must be held that the judgment rendered in said suit in favor of appellant by default was properly held void by the trial court, and that, as there was no judgment upon which to base the writ of garnishment, the court properly rendered judgment for the garnishee, Mauzy.

[4] Counsel for appellant makes the further contention that the Brotherhood of Railroad Trainmen is such society as is required by article 4844 to appoint as its attorney upon whom legal process may be served the commissioner of insurance and banking of this state, but that, if he is mistaken in the foregoing conclusion, and it should be held that by the provisions of article 4855 the Legislature has attempted to except such societies as the brotherhood from the operation of article 4844, said article 4855 cannot stand, because it violates the Fourteenth Amendment of the Constitution of the United States, and section 3 of article 1 of the Constitution of the state of Texas, in that it imposes burdens on other societies of the same class as the brotherhood from which the brotherhood is, by its provisions, exempted or relieved.

The law, we think, has been settled adversely to the contention of appellant by the

decision of our Supreme Court in the case of Supreme Lodge United Benevolent Association v. Johnson, 98 Tex. 1, 81 S. W. 18, and authorities therein cited.

Having reached the conclusion that the trial court correctly held that the judgment used as the basis for the issuance of the writ of garnishment which was served upon appellee, Mauzy, was void, and that the court properly rendered judgment for appellee, it becomes our duty to affirm the judgment, and it is so ordered.

Affirmed.