## FORT WORTH MUT. BENEV. ASS'N OF TEXAS v. PETTY.   (No. 3202.)

(Court of Civil Appeals of Texas. Texarkana. April 8, 1926.)

**Insurance ⚖️814.**

Service on benevolent association instead of insurance commissioner, under Vernon's Sayles' Ann. Civ. St. 1914, art. 4844, gave court no authority to render personal judgment against it.

Error from District Court, Cherokee County; C. A. Hodges, Judge.

Action by G. H. Petty against the Fort Worth Benevolent Association of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Marvin Roberson, of Fort Worth, for plaintiff in error.

Perkins & Perkins, of Rusk, for defendant in error.

HODGES, J. The plaintiff in error is a mutual benevolent association organized under the laws of Texas, with its domicile at Fort Worth, Tex. This appeal is from a judgment rendered in favor of G. H. Petty by default awarding a recovery upon a policy of insurance theretofore issued upon the life of J. D. Petty by the plaintiff in error. It was alleged that the policy was issued on June 26, 1924, in consideration of certain payments, insuring J. D. Petty in a sum not to exceed $1,500. It is further alleged that J. D. Petty died in September, 1924, that he was a member in good standing at the time of his death, and his beneficiary was entitled to claim $1,500.

A citation was issued on April 25, 1925, which, after reciting the substance of the plaintiff's cause of action, directed the officer to summon the Fort Worth Mutual Benevolent Association of Texas in person by delivering "to said defendant, Fort Worth Mutual Benevolent Association of Texas, each in person, a true copy of this citation, together with a certified copy of the plaintiff's petition." The officer's return is as follows:

"Came to hand on the 9th day of April, 1925, at 8 o'clock a. m., and executed in Tarrant county, Texas, by delivering to each of the within named defendants, in person, a true copy of this citation (together with the accompanying certified copy of plaintiff's petition) at the following time and places, to wit: Fort Worth Mutual Benevolent Association of Texas, by serving F. M. Lipscomb, secretary, April 9th, 1925, at 9 a. m., Fort Worth.

"I actually and necessarily traveled 10 miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip."

The case was called for trial in May, 1925. No answer having been filed by the plaintiff in error, defendant below, a judgment was rendered in favor of the plaintiff, Petty, for the sum of $1,500, and a writ of mandamus was awarded for its enforcement. This writ of error is prosecuted upon the ground that the plaintiff in error was not cited as required by law, that the trial court acquired no jurisdiction over its person, and for that reason the judgment is void.

Article 4844, Vernon's Sayles' Ann. Civ. St. 1914, is as follows:

"Every society, whether domestic or foreign, now transacting business in this state shall, within thirty days after the passage of this act, and every such society hereafter applying for admission, shall before being licensed, appoint in writing the commissioner of insurance and banking, and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal force and validity as if served upon the society and that the authority shall continue in force so long as any liability remains outstanding in this state. * * * Service shall only be made upon such attorney, must be made in duplicate upon the commissioner of insurance and banking, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading or defense in less than thirty days from the date of mailing the copy of such service to such society. When legal process against any such society is served upon said commissioner of insurance and banking he shall forthwith forward by registered mail, one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall

---

not be served upon any such society except in the manner provided herein."

We are of the opinion that the contention of the plaintiff in error is correct, and that the court was without authority to render a personal judgment against it. The statute seems to contemplate that service in the manner therein pointed out is exclusive of all other methods of citing this class of corporations.

The judgment will therefore be reversed and the cause remanded.