**FORT WORTH MUT. BENEV. ASS'N v. WEATHERS et al.   (No. 472.)**

(Court of Civil Appeals of Texas. Waco. Jan. 20, 1927.)

Insurance ⬅814—Default judgment against benevolent association is unauthorized on service by citation on its president instead of on insurance commissioner (Rev. St. 1925, art. 4843).

Default judgment against benevolent insurance association will be reversed, being based on mere service by citation on president of insurer instead of on insurance commissioner as required by Rev. St. 1925, art. 4843.

Appeal from District Court, Falls County; Prentice Oltorf, Judge.

Action by Anna Weathers and others against the Fort Worth Mutual Benevolent Association. From a default judgment, defendant appeals. Reversed and remanded.

Marvin Roberson, of Fort Worth, for appellant.

Cecil R. Glass, of Marlin, for appellees.

BARCUS, J. This suit was instituted by appellees against appellant, Fort Worth Mutual Benevolent Association of Texas, to recover the face of two policies of $1,500 each, written on the life of Guess Hamilton Simonton, payable to appellee Anna Weathers. The only service had on appellant was by citation

served upon its president, John Estell, in Tarrant county. Appellant filed no answer, and judgment by default was rendered. The only question submitted in this court is as to the sufficiency of the service to support said judgment. Appellant contends that the only way legal service can be obtained on it is by serving the commissioner of insurance.

This identical question was involved in the case of Fort Worth Mutual Benevolent Association of Texas v. Petty (Tex. Civ. App.) 283 S. W. 620, in which case the opinion fully sustains appellant's contention. The same rule is announced in Mosaic Templars of America v. Briscoe (Tex. Civ. App.) 252 S. W. 846, and authorities there cited. Appellees contend that the above authorities are in conflict with Modern Woodmen of America v. Metcalfe (Tex. Civ. App.) 154 S. W. 662, and that under the law service may be had either by service on the commissioner of insurance or by service upon the proper officers of the company. The case of Modern Woodmen v. Metcalfe, supra, was decided under the law as passed by the Thirty-First Legislature (Acts 1st Ex. Sess. 1909, c. 6). The statute was amended by the Thirty-Third Legislature (Laws 1913, c. 113), after the opinion in the Metcalfe Case was rendered, and is now article 4843 of the Revised Statutes. The law as amended specifically provides that "legal process shall not be served upon any such society except in the manner provided herein," and the article provides that the service "shall" be made by serving the commissioner of insurance.

Because of the insufficiency of the service to authorize a judgment by default, the judgment of the trial court is reversed and the cause remanded.