## WONDERFUL WORKERS OF THE WORLD BENEVOLENT ASS'N v. HAMILTON.

### (No. 9981.)

Court of Civil Appeals of Texas. Dallas.
July 16, 1927.

1. Evidence 🕮83(1)—Court will presume that officer, issuing license to fraternal benefit society, performed duty and required execution of power of attorney (Rev. St. 1925, art. 4843).

Where record did not disclose whether fraternal benefit society had executed power of attorney to commissioner of insurance to be served with legal process, it must be presumed that officer charged with duty of issuing license to such society, performed his duty, as required by Rev. St. 1925, art. 4843, and required execution of such power of attorney.

2. Insurance 🕮814—Service on president of fraternal benefit association was not proper service under statute providing for service upon commissioner of insurance (Rev. St. 1925, art. 4843).

In suit against fraternal benefit association, service on president of association was not proper service, under Rev. St. 1925, art. 4843, providing for service on commissioner of insurance, and default judgment entered was void.

Error from Hunt County Court; N. E. Peak, Judge.

Suit by Jennie Hamilton against Wonderful Workers of the World Benevolent Association. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Bush & Parten, of Franklin, for plaintiff in error.

H. G. Evans, of Bonham, for defendant in error.

JONES, C. J. Defendant in error, Jennie Hamilton, instituted suit in the county court of Hunt county against plaintiff in error, Wonderful Workers of the World Benevolent Association, to recover as beneficiary in a membership certificate issued to a relative, Maggie Young, deceased. The petition alleged that plaintiff in error is duly incorporated under the laws of the state of Texas and does business under the lodge system, "whereby it issues certificates on the monthly payment plan and has a lodge and office and duly authorized agents and officers of said lodge residing in Hunt county, Tex., Marion Jones, president, Wolfe City, Tex., and Cordie Wilson, secretary, Wolfe City, Tex." Citation was duly issued and, as shown by the sheriff's return, was executed in the following manner:

"Came to hand on the 30th day of March, A. D. 1926, at —— o'clock — M., and executed the 1st day of April, A. D. 1926, at —— o'clock — M., by delivering to Marion Jones, president of the defendant, Wonderful Workers of the World, in person, a true copy of this citation."

It is alleged in the petition that the certificate was for the sum of $500, payable in two installments, one of $200 at the time of death and one of $300 payable at the meeting of the Grand Lodge in July of each year following the date of the death. There are also allegations as to proof of death and other formal matters necessary for a recovery on the certificate. It was also alleged that deceased's membership in plaintiff in error organization was in East Side Temple, Fort Worth, Tex., and that the certificate was signed by Mrs. N. L. Garlick, president, and G. N. D. Robertson, secretary. No answer to this suit was filed by plaintiff in error and no appearance entered.

The judgment entered recites that:

"This cause came on for trial and plaintiff appeared by attorneys and answered ready for trial and defendant failed to appear and answer ready for trial, but wholly made default, although duly cited. The court, after hearing the evidence and the argument of counsel, is of the opinion that the plaintiff should have and recover, of the defendant, Wonderful Workers of the World Benevolent Association, a corporation, the amount due on the policy of which she is the beneficiary, which is $500."

Then follows the judgment of the court in accordance with this recitation of fact.

It is urged by proper assignment of error that it affirmatively appears from the record that no proper service was had on plaintiff in error, for which reason the judgment entered is void, and should be set aside by this court, and the cause reversed and remanded. We think this assignment of error must be sustained.

[1, 2] The allegations in the petition show that plaintiff in error is a fraternal benefit society and is controlled by the provisions of chapter 8 of title 78, R. S. Article 4843 of said chapter provides that every such society, whether domestic or foreign, transacting business in this state, shall appoint in writing the commissioner of insurance and his successors in office, as its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served, and also provides that "legal process shall not be served upon any such society except in the manner provided herein." This article also requires the execution of such power of attorney befre issuance of license to the society authorizing it to transact business. The record does not disclose whether this power of attorney was actually executed or not, but it must be presumed that the officer charged with the duty of issuing the license performed his duty and required the execution of such power of attorney. In view of this statute, no service was had upon plaintiff in error, for the reason that the commissioner

of insurance was not served by the only method the statute requires and permits. Mosaic Templars of America v. Briscoe (Tex. Civ. App.) 252 S. W. 846; International Order of 12, etc., v. Brown et al. (Tex. Civ. App.) 190 S. W. 251; Haytain Tabernacle No. 604, International Order of 12, etc., v. McKinney & wife (Tex. Civ. App.) 224 S. W. 202; Mosaic Templars of America v. Gaines (Tex. Civ. App.) 265 S. W. 721; Kirkbride v. Mauzy (Tex. Civ. App.) 268 S. W. 265.

It is not considered necessary to notice the other assignments of error.

The judgment is reversed, and the cause remanded.