## SETH ALEXANDER v. THE STATE.

### No. 3167. Decided October 18, 1905.

**Burglary—Servant—Conspiracy.**

On a trial for burglary where the defendant testified that a servant of the owner of the house entered the same and brought the property to him in payment of a small debt, and that he was present, the court correctly charged the jury that if defendant and said servant entered into a conspiracy or agreement by which the latter was to get the property out of the house, defendant being present at the time of said entry into the house, it would constitute an entry by breaking and the burglary would be complete; the evidence also showing that said house was closed before the entry and was entered by turning the latch and opening the door. Following Neiderluck v. State, 23 Texas Crim. App., 38.

Appeal from the District Court of Lee. Tried below before Hon. Ed. R. Sinks.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Rector & Watson,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—The evidence shows that the alleged burglary was committed by entering a bath house, and taking therefrom some pork. Appellant and Brooks had slaughtered the hog and stored it in the bath house on the 14th; the burglary having occurred on the night of the 16th. The facts are practically undisputed that the house was closed, and was entered by turning the latch and opening the door. The meat was found the morning of the 17th in a crib in the possession of appellant, hidden under some cane. Appellant was arrested, made his escape, and was again arrested and placed in jail. While under arrest he made a statement to the sheriff in substance that while he and Brooks slaughtered the hog and put it away, Brooks was to get some of the meat from the house and turn it over to appellant. That on the night of the 16th he and Brooks were at the house, Brooks entered it, got the meat and gave it to him. Defendant took the stand in his own behalf, and testified, in substance, that Brooks stole the meat and brought it to him in payment of a small debt. Brooks was a servant of the alleged owner, Dowdy, and had been in his employ for four or five years, and had a general authority to enter the house burglarized. The court charged the jury, in substance, that if appellant and Brooks entered into a conspiracy or agreement by which Brooks was to get the meat out of the house, appellant being present at the time of entering the house, it would constitute an entry by breaking, and the burglary would be complete. Exception is reserved to the charge, because the court failed to instruct the jury that Brooks, being a domestic servant, this entry would be by fraud and not by breaking. The case seems to have been fought out practically along this line. We deem it unnecessary to enter into a discussion of this question, as it was fully discussed and adjudicated in a very strong opinion, written by Judge Hurt, in Neiderluck v. State, 23 Texas Crim. App., 38; and decided adversely to appellant's contention.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*