### BUD HENDERSON v. THE STATE.

#### No. 3585.    Decided March 14, 1906.

**1.—Assault With Intent to Rape—Non-Expert Testimony.**

Upon a trial for assault with intent to rape, it was error to admit the opinion of non-experts to testify to the sanity of defendant, without giving the facts and circumstances upon which they predicated their opinion.

**2.—Same—Charge Refused—Doctrine of Election—Single Act.**

Upon a trial for assault with intent to rape, it was error to refuse a requested charge that the jury could not convict for any acts done by defendant at any other time than the one the State elected to prosecute upon; the evidence showing that without the objection of defendant more than one act was proved. In prosecutions for rape it is not proper to prove more than one act.

**3.—Same—Charge of Court—Aggravated Assault.**

Upon a prosecution for assault with intent to rape, unless the evidence suggested aggravated assault, it was error to submit that phase of the case.

Appeal from the District Court of Grayson. Tried below before Hon. B. L. Jones.

Appeal from a conviction for assault with intent to rape; penalty, thirty years imprisonment in the penitentiary.

The testimony showed that the prosecutrix is the daughter of defendant and was under 15 years of age at the time the assault was made upon her. Her testimony was given very unwillingly and it was not clear that penetration occurred before she reached the age of 15. She, however, testified to several attempts made by the defendant to have carnal intercourse with her before she was of the age of 15. Her testimony also showed that she did not consent to the attempts or acts of intercourse. The State also introduced defendant's confession that he had had intercourse with prosecutrix. His defense was that he was insane at the time the act was committed. The prose-

cutrix' testimony also showed that the different attempts by defendant to have intercourse with her consisted in the fact that defendant would come to her bed at night and ask her to go over to his bed in another room, which she did and that they would get into his bed together and then he attempted to have intercourse with her.

*C. T. Freeman* and *B. F. Gafford,* for appellant.

*Howard Martin,* Assistant Attorney-General for the State.

BROOKS, JUDGE.—Appellant was convicted of assault with intent to rape, and his punishment fixed at thirty years confinement in the penitentiary.

Appellant reserved a bill of exceptions to the action of the court permitting non-experts to testify to the sanity of appellant, without giving the facts and circumstances upon which they predicate their opinion as to the sanity of the appellant. The bill presenting this matter is long and voluminous. A careful perusal of it shows that the county attorney was permitted to prove that witnesses had known appellant for some time, and that in their opinion, he was sane. They did not testify to any conversations and acts;—such conversations and acts ought to have been detailed and testified to by them, in order that the jury might pass upon the matter as well as the witnesses. If the witnesses had known appellant for a number of years, and would detail rational conversations and rational acts on the part of appellant, stating his vocation, what business he was engaged in, and how he conducted his business, and then testified that in their opinion he was sane, under the authorities this would have been permissible. But where the witnesses merely testify to having known him quite a while, it is not proper for them to give their opinion as to his sanity, without stating the facts upon which that opinion is predicated. These matters are thoroughly discussed in Williams v. State, 37 Texas Crim. Rep., 348; Betts v. State, 89 S. W. Rep., 413.

The seventh special charge requested the court to charge the jury that they could not convict defendant for any act done by defendant at any other time than the one the State elected to prosecute upon. In prosecutions for rape it is not proper to prove more than one act, and where more than one act is proved, without objection, it is the duty of the court to limit the consideration of the jury to one specific act. Powell v. State, 11 Texas Ct. Rep., 129.

We note in the court's charge in attempting to define assault, he adds the following: "The injury intended may be either bodily pain, constraint, or sense of shame, or other disagreeable emotion of the mind." This should not have been given, unless the evidence suggested aggravated assault. Fewox v. State, 14 Texas Ct. Rep.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*