Allie Mingo v. The State.

No. 900.   Decided January 18, 1911.

1.—Murder—Jury and Jury Law—Deputy Sheriff.

Upon trial of murder, the fact that one of the jurors was a deputy sheriff did not disqualify him as a juror under Article 673, Code Criminal Procedure. Following Edgar v. State, 59 Texas Crim. Rep., 252.

2.—Same—Charge of Court—Reasonable Doubt.

Where, upon trial of murder, the court not only applied the reasonable doubt between the degrees of murder but to every phase of the case, there was no error.

Appeal from the District Court of Grayson. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of murder in the second degree; penalty, twenty years imprisonment in the penitentiary.

The State's testimony showed that someone had been throwing

rocks at night against the house in which defendant and others lived, and that he and his companion had been trying to overtake the guilty parties but failed; that this occurred at different times shortly before the homicide; that a night or two before the killing, and on the afternoon of the day of the killing, the defendant and his companion had been overheard to say that they would waylay the party who threw the rocks and kill him. By the statement of deceased it was shown that on the night of the killing deceased saw defendant and his companion by the light of the headlight of a passing car, and that they were crouching about, and that shortly thereafter he was shot by defendant's companion from ambush near where defendant lived, while the deceased was standing on the sidewalk engaged in innocent conversation with a friend; that neither he nor his friend was engaged in any depredation against said house at any time; and that defendant and his companion were acting together when deceased was shot. This statement was substantially corroborated by the said friend of the deceased, who, while not positive as to the identity of the defendant and his codefendant, believed that he recognized them at the time, and that one or both did the shooting. The bullet used to kill the deceased corresponded with those fitting defendant's pistol, and other circumstances bore out the testimony of the State's principal witnesses.

The defendant set up an alibi, and by the testimony of his witnesses sought to contradict the State's testimony, and to show by those who were said to have been present that he did not make the declaration that he intended to kill the person who threw the rocks, etc.

*H. H. Cummins,* for appellant.—On the question of the court's failure to charge on reasonable doubt: Nolen v. State, 8 Texas Crim. App., 585; Reid v. State, 9 Texas Crim. App., 472; Powell v. State, 12 Texas Crim. App., 238; McCall v. State, 14 Texas Crim. App., 353.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried, convicted and sentenced to the penitentiary for a term of twenty years, on a charge of murder, in the District Court of Grayson County, Texas.

1. In the fourth paragraph of appellant's motion for a new trial he complains that one of the jurors was at the time of his service on the jury a deputy sheriff, and claims this is a disqualification. Article 673 of the Code of Criminal Procedure enumerates the causes for challenge to a particular juror, and the reason assigned is not one of them. The civil statutes relating to persons who are competent jurors do not name this as a disqualification, but gives to civil officers the right to exempt themselves from jury service if they so

desire. This question was recently decided by this court adverse to appellant's contention in the case of Edgar v. State, 59 Texas Crim. Rep., 252, 127 S. W. Rep., 1053, and other cases recently reported.

2. Complaint is also made of the following paragraph of the court's charge: "If from the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty of murder, but have a reasonable doubt whether it was committed upon express or implied malice, then you must give the defendant the benefit of such doubt and not find him guilty of a higher grade than murder in the second degree, if from the evidence you believe he is guilty of any offense," appellant alleging that paragraph does not give the defendant the benefit of a reasonable doubt as to his guilt. There is no merit in the contention. The court's charge, when taken as a whole, presents favorably to appellant the doctrine of reasonable doubt to every phase of the case.

The judgment is affirmed.

*Affirmed.*