### DAN CREWS V. THE STATE.

No. 11775.　Delivered May 2, 1928.

1.—Burglary—Charge of Court—Should Define "Breaking."

Where, on a trial for burglary in the daytime, it was error for the trial court to fail to define the term "breaking" in his charge to the jury.

2.—Same—Evidence—Breaking—Not Proven—Insufficient.

Where, on a trial for burglary in the daytime, the state wholly failed to show a breaking to effect an entrance to the building, the conviction cannot stand.

3.—Same—Charge of Court—On Entry of Building—Erroneous.

Where, on a trial for burglary in the daytime, the court charged the jury that if appellant entered the house without the consent of the owner,

it would be burglary and failed to charge that an actual breaking must be shown such charge was reversible error. See Weatherred v. State, 276 S. W. 437, and other cases cited.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*E. J. McLeroy* of Center for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary, the punishment confinement in the penitentiary for two years.

It was charged in the indictment that appellant committed the offense in the daytime by force, threats and fraud, and that he "did break and enter" the house with the intent to commit the offense of theft. Among other things the court instructed the jury as follows:

"By the term 'entry into a house' is meant every kind of entry except one made by the free consent of the occupant, or of one authorized to give such consent. It is not necessary that there shall be any actual breaking to constitute burglary."

The term "breaking" was nowhere defined in the charge.

Timely exception was reserved to the charge above quoted. It is noted that the record reflects the fact that no witness was able to testify that the door of the gin house, which was alleged to have been burglarized, was closed at the time the entry was effected. Appellant and a companion were seen in the vicinity of the gin. Later one of the parties was seen coming out of the building. This occurred in the daytime. A few days later property of the value of approximately nine dollars was found at the home of appellant's mother and identified by the owner of the gin as belonging to him. Witnesses for the state testified that they did not know whether or not the door of the gin house was open at the time of the entry. The only circumstance which would indicate that it was closed arises from the testimony of the injured party. He stated:

"The entrance was through a door, on which I had a fastening. That fastening was one of these slide hasps—two of them on the door, but the hinge on the door was loose at the door facing on the bottom so that you could push the door out at the bottom and it would spring back again."

This witness was in Dallas at the time his house was entered. He did not state that the door was closed when he left his place of business. We quote from his testimony as follows:

"I do not know who got my stuff, nor do I know whether or not the door was shut at the time whoever got it went in."

Thus it was seen that the evidence touching the character of entry effected by the parties is meagre. In view of such fact the charge complained of constituted reversible error. The jury were in effect advised by said charge that appellant would be guilty of burglary if he entered the house of the owner without his consent. Every kind of entry except one made by free consent of the owner or one authorized to give such consent would not be necessarily a burglarious entry. The charge under consideration has been held by this court in a number of cases to be error. We quote the language of Judge Davidson in the case of Bates v. State, 99 S. W. 551:

"Now, in view of this testimony, the evidence would indicate, if a breaking at all, it was a breaking in the daytime; therefore it was necessary, under Art. 839, P. C., 1895 (now Art. 1390 P. C.) for the court to have charged with reference to an actual breaking. In any event, whether night or day breaking, the entry must be accompanied by breaking, and, if accomplished in the daytime by breaking externally, then it must be an actual breaking. Under the charge above quoted, it was only necessary for the jury to believe that, if appellant entered the house without the consent of the occupant, it would be burglary." See Weatherred v. State, 276 S. W. 437; Crane v. State, 240 S. W. 920; Miller v. State, 189 S. W. 259.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.