Houston Randolph v. The State.

No. 14044.   Delivered March 4, 1931.

The opinion states the case.

*J. J. Collins* and *R. W. Fairchild,* both of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for three years.

Chapter 67 of the Acts of the 41st Legislature at its First Called Session provides for a jury wheel and the selection of juries and drawing of venires by means thereof in all counties in this state having a population of not less than 16,775 nor more than 17,000 as shown by the United States census of 1920. The county of the prosecution (Polk County), is within the classification of the Act. Only two other counties are affected by its provisions. Over objection by appellant, timely and properly interposed, he was forced to take a jury drawn in accordance with the provisions of said Act. Touching the constitutionality of the Act, it is urged that it is a local or special law, and is therefore within the inhibition of article 3, sec. 56 of the Constitution of Texas, and, further, that it is discriminatory in undertaking to establish a standard by which the capacity for jury service is determined, which is at variance with the standard provided in the Acts of 1907, p. 269, as amended by the Acts of 1911, p. 150, and as further amended by chapters 43 and 116, Acts of 1929, 41st Legislature. We deem it unnecessary to discuss the first question in view of the fact that we have reached the conclusion that appellant's second contention should be sustained. We observe, however, that it is not clear that the statute in question does not offend against the provisions of article 3, sec. 56, of the Constitution of Texas.

Adverting to the question of the Act being discriminatory, it is observed that section 2 of said Act (Vernon's Ann. Civ. St., Art. 2116b, sec. 2) provides that the officers charged with the duty of filling the jury wheel shall not select those exempt from jury duty. The Act of 1907, as amended, relating to the Jury Wheel Law in counties having a population of 58,000 or having therein a city containing a population of at least 20,000 provides that the officers charged with the duty of filling the wheel shall place the names of all men who are known to be qualified jurors under the law in the wheel. See Acts 1907, p. 269, and Acts 1929, 41st Legislature, p. 263, Chap. 116, sec. 1. No provision is made in the Acts last referred to for leaving out of the wheel the names of persons known to be exempt under the law. Exempt jurors are not disqualified. They may waive their exemption. Counts v. State, 78 Texas Crim. Rep., 410, 181 S. W., 723; Mingo v. State, 61 Texas Crim. Rep., 14, 133 S. W., 882; Owens v. State, 25 Texas App., 555, 8 S. W., 658. The Legislature has the authority to prescribe by general law the qualifications of jurors. There would seem to be no relation between a man's fitness for jury service and the size of population of the county in which he resides. We quote from Ruling Case Law, vol. 6, p. 378, as follows: "One of the essential requirements as to classification, in order that it may not violate the constitutional guaranty as to equal protection of the laws, is that the classification must not be capricious or arbitrary, but must be reasonable and natural or must be based on some natural principle of public policy. The Legislature cannot arbitrarily create a class, and when thus created make it binding on the courts so that they would be bound to accept such classification as a proper one; arbitrary selection can never be justified by calling it classification, and this is forbidden by the equal protection demanded by the fourteenth amendment."

We quote from Northern Texas Traction Company v. Bryan, 116 Texas, 479, 294 S. W., 527, as follows: "The Legislature has undoubted authority to prescribe, by general law, the qualifications of jurors. But, since we have been unable to discover any relation between a man's capacity and fitness for jury service and the size of population of the county in which he resides, or of a city of such county, we should entertain grave doubts as to the constitutionality of a law which undertook to establish a standard, by which the capacity and fitness of men for jury service are determined, which varies in the different counties of the state, with no basis for such variation other than population."

The act under consideration not only attempts to make a very small unit of population the basis for a method of selecting jurors which is different from the method prescribed by general law for other parts of the state, but also seeks to make ineligible for such jury service those who may not desire to claim their exemption but who are qualified jurors

under general laws. We are constrained to hold that the Act is discriminatory, and, therefore, unconstitutional.

In applying the law to the facts the court instructed the jury, in substance, that if they believed beyond a reasonable doubt that appellant, on or about the 15th day of August, 1929, or at any time within five years before the filing of the indictment, by force, did enter the house in question with intent to commit the crime of theft, the jury would find him guilty of the crime of burglary and assess his punishment, etc. Appellant filed his written objection to the charge before it was read to the jury, wherein he called the court's attention to the fact that the jury should be required "to find him guilty of some particular transaction," and that said charge permitted the jury to consider any one of several transactions as a basis for the conviction. The injured party testified that he had lost merchandise from his store on several occasions. In his written confession appellant stated that he had gone into the store and gotten merchandise about twenty times during the year of 1929. It was alleged in the indictment that the burglary occurred on or about the 15th day of August, 1929. The proof showed that in the early morning of October 15, 1929, one of the doors of the store was found open. Shortly thereafter a quantity of merchandise was discovered near appellant's home. It is thought that the evidence developed more than one separate transaction. It is the rule that the state should be required to elect which transaction it will rely upon for a conviction in the event the testimony develops more than one separate transaction. Section 444, Branch's Annotated Penal Code; Henderson v. State, 49 Texas Crim. Rep., 511, 93 S. W., 550; McKenzie v. State, 32 Texas Crim. Rep., 568, 25 S. W., 426; Powell v. State, 47 Texas Crim. Rep., 155, 82 S. W., 516. Ordinarily, it is proper to instruct the jury that the state is not restricted to the exact date laid in the indictment, but may prove the offense, if it can, to have been committed at any time within the period of limitation. Mikulec v. State, 97 Texas Crim. Rep., 615, 262 S. W., 751. In a case in which the State is required to elect upon which transaction it will seek a conviction, the charge in question is improper in that it has the effect of depriving the accused of the right to require the State to elect. See Matthews v. State, 57 Texas Crim. Rep., 328, 122 S. W., 544. Under the facts of the present case the opinion is expressed that the exception to the charge was well taken.

The main fact to be proved was the breaking and entry by appellant. Winn v. State, 82 Texas Crim. Rep., 316, 198 S. W., 965. Although appellant admitted in his written confession that he had gone into the store on several occasions and taken merchandise therefrom, he did not describe the manner of his entry. As far as the confession is concerned, appellant may have entered the building on each occasion through an open door. On the morning of October 15th one of the

doors of the store building was found open. This door could only be unlocked from the inside. The lock was not broken. While the testimony showed that the door had been closed when one of the employees left the building on the night of October 14th, there is nothing to show that it was locked. Appellant was an employee in the mercantile company, and had free access to all parts of the buildings of said company during the day. At times he was intrusted with the keys. He had served in the capacity of porter and servant for several years, and was serving in such capacity on the night of October 14th and the morning of the 15th of said month. Nowhere in the record do we find any direct evidence that appellant entered the building by breaking or by the use of any force. Appellant presented his requested instruction wherein the jury would have been charged on the law of circumstantial evidence. While probably not entirely accurate, we deem the charge sufficient to have invited the court's attention to the necessity of a charge on the subject. In the case of Howell v. State, 109 Texas Crim. Rep., 42, 2 S. W., (2d) 861, the evidence showed that the screens of a camp house were torn off of the windows and the house entered. A quantity of personal property was taken from the house, none of it being traced to appellant, except a blanket and pillow. Appellant confessed that he stole the blanket and pillow out of a camp house at Lake Worth. The burglarized camp house was situated at Lake Worth. In his confession, appellant did not admit that he broke into the house, but on that point remained silent. In reaching the conclusion that the trial judge committed error in declining to submit an instruction covering the law of circumstantial evidence, Judge Lattimore said: "Giving to this alleged confession its strongest probative force, same falls short of any confession on the part of appellant of a burglary." The opinion is expressed that the State relied upon circumstantial evidence to prove that appellant broke and entered the house. Beason v. State (Texas Crim. App.), 63 S. W., 633; Beason v. State, 43 Texas Crim. Rep., 442, 67 S. W., 96.

The court instructed the jury that by the term "entry into a house" was meant every kind of entry but one made by free consent of the occupant or one authorized to give such consent; and that it was not necessary that there should be any actual breaking to constitute night-time burglary. Under the facts of this case we doubt the propriety of giving this charge. The evidence touching the character of entry effected by the offender was meager. The jury might properly have concluded that appellant entered the building through an open door. The door could only be unlocked from the inside. The lock was not broken. The remaining doors and windows were intact. No witness testified to having closed and locked the door on the night of the burglary. Moreover, the court charged on the issue as to whether appellant was a domestic servant. There must be an actual breaking by a domestic servant to

constitute burglary, the mere lifting of a latch to effect an entry not being an actual breaking. However, where such servant is acting with others in entering the house, an actual breaking is not necessary as to him and as to those acting with him. Notes under article 1401, Vernon's Annotated Criminal Statutes of Texas, Penal Code; Neideluck v. State, 23 Texas App., 38, 3 S. W., 573; Alexander v. State, 48 Texas Crim. Rep., 531, 89 S. W., 642. In the state of the record the jury might have concluded from reading the charge in question that appellant was guilty of burglary, notwithstanding they might have believed that no force was used, provided the entry was made without the free consent of the owner. Crews v. State, 109 Texas Crim. Rep., 545, 5 S. W. (2d) 999; Bates v. State, 50 Texas Crim. Rep., 568, 99 S. W., 551.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., not sitting.