LEONARD *v.* LUXORA-LITTLE RIVER ROAD MAINTENANCE DISTRICT No. 1.

4-3118

Opinion delivered June 12, 1933.

*Jesse Taylor* and *W. Leon Smith,* for appellant.
*James G. Coston* and *J. T. Coston,* for appellee.

MEHAFFY, J. This is an appeal from a decree of the Pulaski Chancery Court finding and holding that act 159

of the Acts of the General Assembly of the State of Arkansas for the year 1933 is a local law and therefore unconstitutional and void, and perpetually enjoining the State Treasurer from enforcing or attempting to enforce said law.

Section 1 of act 159 reads as follows: "That paragraph 'F' of § 1 of act No. 63 of the Acts of the General Assembly for the State of Arkansas for the year 1931 be amended to read as follows: 'F.' On January 1, April 1, July 1, and October 1 of each year, it shall be the duty of the State Treasurer to divide all revenue in the 'county highway funds' among all counties of the State; one-third on a population basis, based on the most recent Federal census; one-third on a car license revenue basis, based on the amount received from each county for the previous year from motor vehicle license fees; one-third based on area of the various counties of the State; provided, however, that in the counties having more than one judicial district and a population of not less than 65,000 as shown by the most recent United States census, the funds allowed to those counties shall be divided between the judicial districts on the basis of the mileage of the county maintained roads."

The act provides that in counties having more than one judicial district and a population of not less than 65,000 as shown by the most recent United States census, the funds allowed to those counties shall be divided between the judicial districts on the basis of the mileage of the county maintained roads.

There are 75 counties in the State of Arkansas, and only 12 counties that have more than one judicial district, and of these 12, only one, Mississippi County, has a population of 65,000, as shown by the most recent United States Census. This act therefore applies to Mississippi County only.

Amendment 14 to the Constitution of the State of Arkansas provides: "The General Assembly shall not pass any local or special act. This amendment shall not prohibit the repeal of local or special acts."

Act 159 of the Acts of 1933 is clearly violative of this amendment to the Constitution because it is a local act applying to Mississippi County alone. The fact that it applies to counties having more than one judicial district and a population of 65,000 or more is arbitrary, and a county having two judicial districts and 65,000 population has no reasonable relation to the purposes and object to be attained by the statute.

"The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something which in some reasonable degree accounts for the division into classes." *Street Imp. Dists. Nos. 481 and 485* v. *Hadfield,* 184 Ark. 598, 43 S. W. (2d) 62; *Simpson* v. *Matthews,* 184 Ark. 213, 40 S. W. (2d) 991.

In the present case, there is no reason given and none is apparent to us for the distinction in legislation of this kind between counties having two judicial districts and 65,000 population, and those counties that have only one judicial district and have more than 65,000 population.

There is nothing in the terms of the act to distinguish Mississippi County from other counties in the State that have either a greater or less population, and have one or more judicial districts. There is no reason in the nature of things why an act of this kind should apply to Mississippi County and not to other counties in the State. It is therefore an arbitrary and unnatural classification, and there is no natural connection between counties having more than one judicial district and 65,000 population, and the division of the county highway funds. The act therefore cannot be upheld on the ground of classification.

This court has repeatedly held, since the adoption of amendment No. 14 to the Constitution, that an act which exempts one county is a local act. It would serve

no purpose to review the authorities so holding. As we have already said, this act is clearly in violation of amendment No. 14, because it is a local act.

There is no change in the law except as it applies to Mississippi County. Section 1 of act 159 is a copy of paragraph "F" of § 1 of act No. 63 of the Acts of 1931, except the part that applies to Mississippi County.

The decree of the chancery court is therefore affirmed.