# THE ATTORNEY GENERAL
# OF TEXAS
GERALD C. MANN       AUSTIN 11, TEXAS
XXXXXXXXXON
ATTORNEY GENERAL



Honorable Olan R. Van Zandt
Chairman, Civil Jurisprudence Committee
Senate of Texas
Austin, Texas

Dear Sir:           Opinion No. 0-462
                     Re: The constitutionality of House Bill
                          No. 632, which provides for the
                          attachment of adjacent territory
                          for zoning purposes by towns of
                          not less than four thousand inhab-
                          itants within counties of not less
                          then three hundred thousand and
                          not more than three hundred and
                          fifty thousand inhabitants accord-
                          ing to the last preceding Federal
                          census.

We have your letter of March 9 requesting our opinion as to the constitutionality of the above mentioned bill.

After careful study and analysis of the bill in question we are of the opinion that it attempts to enact a local law and therefore falls within the prohibitions made by Article 5, Section 56, of the Constitution of the State of Texas.

After consulting the last preceding Federal census we find that only one county in the State falls within the population brackets fixed in the bill, that county being Dallas County.

In Bexar County v. Tynan, 97 S. W. (2d) 467, the Supreme Court of Texas, speaking through the Commission of Appeals, held unconstitutional House Bill 490 (Vernon's Annotated Civil Statutes, Article 3912-B), which provided that in counties in which the population was as much as 290,000 and less than 310,000, according to the last preceding Federal census, the precinct and county officers should retain from fees of office certain named amounts, the result being that in such counties the retained compensation was greatly reduced from what was allowed by the prior laws.

At the time said bill was enacted only one county fell within the population brackets fixed therein, said county being Bexar County.

A careful study of the above referred to case, and the authorities therein cited has convinced us that H. B. 632 falls squarely within its purview.

The Court quotes with approval therein the following language used by the Supreme Court of Arkansas in the case of Leonard v. Road Maintenance District No. 1, 61 S. W. (2d) 70 and 71, as follows:

"The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in differences of situation or circumstances of the municipalities placed in different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something * * * which in some reasonable degree accounts for the division into classes."

In the case of Randolph v. State, 36 S.W. (2d) 484, the Court of Criminal Appeals of Texas indicated in dictum in said opinion that where only three counties fell within the population brackets fixed in the act in question in that case, it probably offended against the provisions of Article 3, Section 56, of the Constitution of Texas. The act in question was held unconstitutional on other grounds but the dictum above referred to clearly indicated the Court's view.

In this bill no distinction is sought to be made between urban counties and rural counties generally, but the bill includes within its population brackets only the county of Dallas, and is considered by us to be a purely local bill.

Since the bill in our opinion is unconstitutional for the reason above set out, we deem it unnecessary to discuss any other grounds of unconstitutionality which may be embraced in it.

Yours very truly

ATTORNEY GENERAL OF TEXAS

ERS:AMM:wc

By s/E. R. Simmons
E. R. Simmons
Assistant

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS