

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
~~XXXXXXXXXXX~~
**ATTORNEY GENERAL**

Honorable Walter M. Hilliard
County Attorney
Burleson County
Caldwell, Texas

Dear Sir:

> Opinion No. O-2534
> Re: Constitutionality of Senate Bill
> 470, Acts of the 46th Legislature,
> 1939.

Your letter of July 29, 1940, requesting an opinion of this Department on the question as is herein stated has been received.

We quote from your letter as follows:

"Is Senate Bill No. 470 of the 46th Legislature unconstitutional because of the following reasons?

"The Statute violates Art. 3, Sec. 56, of the Constitution of the State of Texas in that it is a Special Law. The law is not made applicable only to a part of a natural class of people whose characteristics are peculiar to the part, but the law applies to people of different classes and of separate and distinct characteristics in that approximately four-fifths of the people affected are residents of an incorporated city and the remaining one-fifth are residents outside of said incorporated city.

"The Statute is unconstitutional and violates The Constitution of the State of Texas in that it is highly discriminatory. The application of the Statutes favors the residents of the incorporated city and discriminates against the residents living outside the limits of said city.

"Kindly advise as to the constitutionality of the Statute."

Senate Bill No. 470, Acts of the 46th Legislature, Regular Session, 1939, reads as follows:

"SECTION 1. In any independent school district having and including within its limits a city or town which, according to the then latest Federal Census, had a population of not fewer than seventeen hundred twenty-one (1,721) and not more than seventeen hundred fifty-one (1,751) inhabitants, and in all independent school districts having territory located in as many as three (3) counties and containing a county seat town with a population of not less than four thousand two hundred (4,200) and not more than four thousand two hundred seventy-five (4,275) as shown by the last preceding or any future Federal Census, the governing body thereof shall have the power to levy and cause to be collected the annual taxes herein authorized, subject to the follow-in provisions:

"(1) For the maintenance of the public schools therein an ad valorem tax not to exceed Ninety One-hundredths ($0.90) of a Dollar on the One Hundred ($100.00) Dollars valuation of taxable property in the district;

"(2) For the purchase, construction, repair or equipment of public free school buildings within the limits of such district and the purchase of necessary sites therefor, an ad valorem tax not to exceed Sixty One-hundredths ($0.60) of a Dollar on the One Hundred ($100.00) Dollars valuation of taxable property in the district; such tax to be for the payment of the current interest on and to provide a sinking fund sufficient to pay the principal of the outstanding bonds of such district and any bonds hereafter lawfully issued;

"(3) The amount of maintenance tax together with the amount of bond tax of any such district shall never exceed One and 50/100 ($1.50) Dollars on the One Hundred ($100.00) Dollars valuation of taxable property within such district; and if the rate of bond tax together with the rate of maintenance tax voted or levied in any year in the district shall at any time exceed One and 50/100 ($1.50) Dollars on the One Hundred ($100.00) Dollars valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and One and 50/100 ($1.50) Dollars."

Section 56, Article 3, of the State Constitution reads in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special laws, authorizing . . . regulating the affairs of coun-

ties, cities, towns, wards or school districts; ...
and in all other cases where a general law can be made
applicable, no local or special laws shall be enacted;
provided, that nothing herein contained shall be con-
strued to prohibit the Legislature from passing special
laws for the preservation of game and fish in this State
in certain localities."

The case of Smith v. State, 49 S.W. (2d) 739, holds in
effect that if substantial reason for classifying municipali-
ties by population appears, such classification and legislation
applicable to such classification is generally sustained. How
ever, the constitutional prohibition against special laws can-
not be evaded by making laws applicable to a pretended class,
and that a statute classifying municipalities by population is
"special" if the population does not afford a fair basis for
classification; that the statute merely designates a single
municipality under the guise of classification by population;
and that a valid classification of municipalities by popula-
tion must not exclude other municipalities from entering such
classification or attaining the specified population.

We quote from this case as follows:

"In this state it is the rule that the Legislature
cannot evade the prohibition of the Constitution as to
special laws by making a law applicable to a pretended
class, which is, in fact, no class. Clark v. Finley
supra. The courts in other jurisdictions have given
effect to the same principle. Com. v. Patton, 88 Pa.
258; Board of Com'rs of Owen County et al. v. Spangler
et al., 159 Ind. 575, 65 N.E. 743. In Clark v. Finley,
supra, the Supreme Court of our state said: 'In so far
as the courts which undertake to define the basis upon
which the classification must rest hold that the legis-
lature cannot, by a pretended classification, evade a
constitutional restriction, we fully concur with them.
But if they hold that a classification which does not
manifest a purpose to evade the constitution is not suffi-
cient to support a statute as a general law merely because,
"'in the court's opinion, the classification is unreason-
able, we are not prepared to concur. To what class or
classes of persons or things a statute should apply is,
as a general rule, a legislative question. When the
intent of the legislature is clear, the policy of the
law is a matter which does not concern the courts.'
If the classification of cities or counties is based
on population, whether an act is to be regarded as
special, and whether its operation is uniform throughout
the state, depend upon whether population affords a fair

basis for the classification with reference to the matters to which it relates, and whether the result it accomplishes is in fact a real classification upon that basis, and not a designation of a single city or county to which alone it shall apply, under the guise of such classification. Parker-Washington Co. v. Kansas City, 73 Kan. 722, 85 P. 781."

Also see the cases of Ex Parte Sizemore, 8 S.W. (2d) 134, and Randolph v. State, 36 S.W. (2d) 484.

The case of Bexar County v. Tynan, et al., 97 S. W. (2d) 467, holds in effect that the Legislature may on a proper and reasonable classification enact a general law which, at the time of its enactment, is applicable to only one county, provided the application is not so inflexibly fixed as to ever prevent it becoming applicable to other counties, and that the Legislature may classify counties on a basis of population for purposes of fixing compensation of county and precinct officers, but such classification must be based on real distinction, and must not be an arbitrary device to give what is in substance a local or special law, the form of a general law. And the case further holds that the courts in determining whether a law is public, general, special or local, will look to the substance and practical operation rather than to its title, form, or phraseology, since otherwise a prohibition of the fundamental law against special legislation would be nugatory; and to justify placing one county in a very limited and restricted classification by the Legislature, there must be some reasonable relation between the situation of the counties classified and purposes and objects to be attained, and classification cannot be adopted arbitrarily on grounds which have no foundation in difference of situation or circumstances of counties placed in different classes. The act reducing salaries of officers in counties of over 290,000 and less than 310,000 population was held unreasonable and arbitrary in its classification and void as a special law. We quote from the above mentioned opinion as follows:

"The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes. There must be some reasonable relation between the situation of municipalities classified in the purpose and the object to be attained. There must be something . . . which in some reasonable degree accounts for the division into classes."

It is apparent that the Legislature intended that the act under consideration should apply only to two different in-

dependent school districts, an act similar to the one considered here was for this and other reasons condemned by the Supreme Court in Bexar County v. Tynan, supra.

We have here an instance of arbitrary designation, rather than classification. The above quoted statute attempts to regulate the affairs of two independent school districts in a manner violative of Article 3, Section 56 of the Constitution.

Therefore, you are respectfully advised that it is the opinion of this Department that Senate Bill No. 470, Acts of the 46th Legislature, 1939, is a special law, and therefore, unconstitutional and void.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:AMM:wc


APPROVED AUG 6, 1940
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


Approved Opinion Committee By s/BWB Chairman