

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 13, 1969

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78711

Dear Dr. Edgar:

Opinion No. M- 488

Re: Constitutionality of House
Bill 1274, Chapter 443, Acts
of the 61st Legislature,
Regular Session, 1969 (codi-
fied as Article 2775a-2,
Vernon's Civil Statutes.)

You have recently requested the opinion of this office as to the constitutionality of H.B. 1274, Acts of the 61st Legislature (1969), which reads, in part:

"... The board of trustees of an independent school district in a county having a population of more than 8,605 but less than 8,615, according to the last preceding federal census, shall order that each trustee position be designated by number and that each candidate be designated on the official ballot by the number of the position sought.

"... Candidates receiving a majority of the votes cast shall be entitled to serve as trustees."

Your request letter points out that Article 2775a-1, Vernon's Civil Statutes, is a general law providing for a numbered or place system of election of trustees of independent school districts having 500 or more scholastics, and that said Article 2775a-1 provides that only a plurality, rather than a majority, is required for election; that the only county in the State of Texas with a population of "... more than 8,605 but less than 8,615, according to the last preceding federal census ..." is Brooks County; that the Brooks County Independent School District is the only independent school district in Brooks County; and, that there are no known or apparent reasons why the Brooks County Independent School District should elect its board of trustees in any manner different from that method employed by other independent school districts.

Section 56 of Article III, Texas Constitution, provides:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . .

"For the opening and conducting of elections, or fixing or changing the places of voting;

". . .

"Regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes;

". . .

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; . . ."

In the case of <u>Miller v. El Paso County</u>, 136 Tex. 370, 150 S.W.2d 1000 (1941), the question presented was very similar to that under consideration herein, i.e., whether the population classification established by a particular statute was constitutional. Referring to Section 56 of Article III of the Texas Constitution, the Supreme Court said:

"The purpose of this constitutional inhibition against the enactment of local or special laws is a wholesome one. It is intended to prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible. . . .

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may

come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation.  In other words, there must be a substantial reason for the classification.  It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law.  City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228; Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Clark v. Finley, Comptroller, 93 Tex. 171, 178, 54 S.W. 343, Supreme Lodge United Benevolent Ass'n v. Johnson, 98 Tex. 1, 81 S.W. 18; Smith v. State, 120 Tex.Cr.R. 431, 49 S.W.2d 739; Randolph v. State, 117 Tex.Cr.R. 80, 36 S.W.2d 484; Fritter v. West, Tex.Civ.App., 65 S.W.2d 414, writ refused; State v. Hall, Tex. Civ.App., 76 S.W.2d 880; Wood v. Marfa Ind. School Dist., Tex.Civ.App., 123 S.W.2d 429.  As said in Leonard v. Road Maintenance District No. 1, 187 Ark. 599, 61 S.W.2d 70, 71:  'The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes.  There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained.  There must be something * * * which in some reasonable degree accounts for the division into classes.'"

The Attorney General of Texas has repeatedly followed the guidelines set forth in the Miller case when dealing with a statute such as the one herein considered /see Attorney General's Opinions O-4206 (1941) and R-2424 (1951)7, and will continue to do so in this instance.  As it appears that the Brooks County Independent School District is the only school district in the state which would be affected by H.B. 1274, due to the unreasonably narrow population classification set out by the bill ( a population range of eight persons), and there being no known or apparent reason why said school district should elect its school board trustees in a manner different from that employed by other school districts similarly situated, it is the opinion of this office that said H.B. 1274 is unconstitutional.

## S U M M A R Y

House Bill 1274, Chapter 443, Acts of the 61st Legislature, Regular Session, 1969 (codified as Article 2775a-2, Vernon's Civil Statutes) violates the terms of Section 56 of Article III, Texas Constitution, in that it attempts to establish an unreasonable classification based on population, and it is, therefore, unconstitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Gordon Cass
Charles Parrett
Louis Neumann
Jim Swearingen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant