

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 16, 1971

Honorable John Lawhon
District and County Attorney
County Courthouse
Denton, Texas 76201

Opinion No. M-932

Re: Construction of H.B. 1754, Acts 62nd Leg., R.S. 1971, Ch. 583, p. 1927, relating to the allowances for traveling expenses of members of the commissioners court in certain counties.

Dear Mr. Lawhon:

You have requested the opinion of this office concerning the effective date of House Bill 1754, Acts 62nd Legislature, R.S. 1971, Ch. 583, page 1927. You have further asked our opinion as to whether House Bill 1754 allows the commissioners court to set "travel expenses and depreciation" of one or more of the commissioners at a different sum from that set for the county judge or from that set for another commissioner.

For the reasons which follow, we hold that House Bill 1754 is unconstitutional and therefore never became a valid and effective law. It is therefore unnecessary to answer your questions.

The relevant portions of House Bill 1754 read as follows:

"Section 1. In any county having a population of not less than 73,000 nor more than 75,750 according to the last preceding federal census, the commissioners court may allow each member of the commissioners court not more than $150 per month for traveling expenses and depreciation on his automobile while on official business within the county. Each member of the commissioners court shall pay all expenses in the operation of his automobile and keep it in repair free of any other charge to the county.

"Sec. 2. As used in this Act, 'members of the commissioners court' means the county commissioners

-4544-

and the county judge.

"Sec. 3. This Act applies only to counties not furnishing an automobile or truck or by other means providing for the traveling expenses of members of their commissioners courts while on official business within the county.

"Sec. 4. In any county in this state having a population of not less than 11,870 and not more than 12,000, according to the last preceding federal census, the commissioners court is hereby authorized to allow each member of the court the sum of not exceeding $125 per month for traveling expenses and depreciation on his automobile while on official business within the county. Each member of the court shall pay all expenses in the operation of such automobile and keep the automobile in repair free of any other charge to the county.

"Sec. 5. As used in this Act, 'the last preceding federal census' means the 1970 census or any future decennial federal census. This is despite any legislation that has been or may be enacted during any session of the 62nd Legislature delaying the effectiveness of the 1970 census for general state and local governmental purposes."

Section 56 of Article III of the Texas Constitution prohibits the Legislature from passing any local or special law where a general law can be made applicable. The purpose of this constitutional provision has been very ably explained in Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941) at page 1001-1002:

"The purpose of this constitutional inhibition against the enactment of local or special laws is a wholesome one. It is intended to prevent the granting of special privileges and to secure uniformity of law throughout the State as far as possible. It is said that at an early period in many of the states the practice of enacting special and local laws became 'an efficient means for the easy enactment of laws for the advancement of personal rather

than public interests, and encouraged the reprehensible practice of trading and "log-rolling."'  It was for the suppression of such practices that such a provision was adopted in this and many of the other states of the Union.  25 R.C.L., p. 820, §68.

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation.  In other words, there must be a substantial reason for the classification.  It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law.  City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.2d 470, 41 S.W.2d 228; Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467; Clark v. Finley, Comptroller, 93 Tex. 171, 178, 54 S.W. 343; Supreme Lodge United Benevolent Ass'n v. Johnson, 98 Tex. 1, 81 S.W. 18; Smith v. State, 120 Tex.Cr.R. 431, 49 S.W.2d 739; Randolph v. State, 117 Tex.Cr.R. 80, 36 S.W.2d 484; Fritter v. West, Tex.Civ.App., 65 S.W.2d 414, writ refused; State v. Hall, Tex.Civ.App., 76 S.W.2d 880; Wood v. Marfa Ind. School Dist., Tex.Civ.App., 123 S.W.2d 429.  As said in Leonard v. Road Maintenance District No. 1, 187 Ark. 599, 61 S.W.2d 70, 71:  'The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes.  There must be some reasonable relation

between the situation of municipalities clas-
sified and the purposes and objects to be
attained. There must be something * * * which
in some reasonable degree accounts for the
division into classes.'"

Because population as a basis for classification has
been sustained by the courts with respect to legislation on
certain subjects, /City of Ft. Worth v. Bobbitt, 121 Tex. 14,
41 S.W.2d 228 (1931); Clark v. Finley, 93 Tex. 171, 54 S.W. 343
(1899) /, it has been widely, and erroneously, assumed that popula-
tion brackets may be resorted to in all instances to avoid the pro-
hibition of Section 56 of Article III of the Texas Constitution.
This erroneous assumption emanates from a lack of appreciation
for the fact that population has been sustained as a basis for
classification only in those instances where population bears a
reasonable relation to the objects and purposes of the law and
the chosen population bracket was founded upon rational differences
in the conditions, status, duties or circumstances of the groups
included  and excluded from the operable effect of the law. Bexar
County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936). Where it has
been determined that, considering the objects and purposes of the
law, differences in population afford no rational basis for dis-
criminating between groups of the same natural class, classifica-
tion has been termed arbitrary selection, and the law has been
held to be special and local within the prohibition of Section 56
of Article III. Smith v. Decker, 158 Tex. 416, 312 S.W.2d 632
(1958); San Antonio Retail Grocers v. Lafferty, 156 Tex. 574,
297 S.W.2d 813 (1957); Rodrigues v. Gonzales, 148 Tex. 537, 227
S.W.2d 791 (1950); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d
1084 (1941).

Reference to House Bill 1754 shows that it creates two
categories of counties for the purpose of the allowance of travel-
ing expenses and automobile depreciation for county judges and
county commissioners. One category is those counties having a
population of not less than 73,000 nor more than 75,750. In
these counties the allowance may be set at any sum up to $150.00
per month. The second category is counties having a population
of not less than 11,870 and not more than 12,000. In these counties
the allowance may be set at a sum not exceeding $125.00 per month.
These provisions must be construed in light of the provisions of
Article 2350o of Vernon's Civil Statutes, which is the general
statutory provision pertaining to the allowance for travel ex-
penses and automobile depreciation for the members of the com-
missioners court. The provisions of that act read as follows:

"Section 1.  In any county in this State having a population of not more than twenty-one thousand, five hundred (21,500), according to the last preceding or any future Federal Census, the Commissioners Court is hereby authorized to allow each member of such Commissioners Court the sum of not exceeding Seventy-five Dollars ($75.) per month for traveling expenses and depreciation on his automobile while on official business within the county.  Each member of such Commissioners Court shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county.

"Sec. 2.  In any county in this State having a population in excess of twenty-one thousand, five hundred (21,500) but not in excess of one hundred twenty-four thousand (124,000), according to the last preceding or any future Federal Census, the Commissioners Court is hereby authorized to allow each member of the Commissioners Court the sum of not exceeding One Hundred Dollars ($100) per month for traveling expenses and depreciation on his automobile while on official business within the county.  Each member of such Commissioners Court shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county.

"Sec. 3.  In any county in this State having a population in excess of one hundred twenty-four thousand (124,000) but not in excess of six hundred thousand (600,000), according to the last preceding or any future Federal Census, the Commissioners Court is hereby authorized to allow each member of the Commissioners Court the sum of not exceeding One Hundred and Twenty-five Dollars ($125) per month for traveling expenses and depreciation on his automobile while on official business within the county.  Each member of such Commissioners Court shall pay all expenses in the operation of such automobile and keep same in repair free of any other charge to the county.

"Sec. 4.  In any county of this State having a population in excess of six hundred thousand

(600,000), according to the last preceding or
any future Federal Census, the Commissioners
Court is hereby authorized to allow each member
of the Commissioners Court the sum of not ex-
ceeding One Hundred and Fifty Dollars ($150)
per month for traveling expenses and depreciation
on his automobile while on official business
within the county.  Each member of such Commis-
sioners Court shall pay all expenses in the
operation of such automobile and keep same in
repair free of any other charge to the county.

"Sec. 5.  The term 'members of the Commis-
sioners Court' when used herein means the County
Commissioners and the County Judge.

"Sec. 6.  The provisions of this bill shall
apply only to those counties not furnishing an
automobile, truck, or by other means providing
for the traveling expenses of its commissioners,
while on official business within the county."

A comparison of the two acts makes it readily apparent
that the sole purpose of House Bill 1754 is to create two very
narrow exceptions to the provisions of Section 1 and Section 2
of Article 2350o.  According to the 1970 census figures, Section
1 of House Bill 1754 could apply only to Denton County, Texas,
and Section 4 could apply only to Comanche County, Texas.  Under
the provisions of Article 2350o, Denton County is in a classifica-
tion of counties where the maximum sum allowable for travel ex-
penses and automobile depreciation is $100.00.  House Bill 1754
would place Denton County in a category of counties now limited
to those having a population in excess of 600,000, thus, in
effect, jumping Denton County over that category of counties
specified in Section 3 of Article 2350o.  Section 4 of House
Bill 1754 removes Comanche County from that classification of
counties established by Section 1 of Article 2350o, and places
it in the category established by Section 3 of that Article,
which applies to counties having a population in excess of
124,000, but not in excess of 600,000.  We are aware of no
unique circumstance or situation which exists in Denton and
Comanche Counties which would warrant their removal from the
general classification already established by Article 2350o,
Vernon's Civil Statutes, and place them on a par with counties
having much larger population for the purposes of travel expense
and automobile depreciation allowance for the members of the
commissioners court.  For this reason, and upon the rationale
of Miller v. El Paso County, supra, we hold that House Bill 1754

is a local or special law within the meaning of Section 56 of Article III of the Texas Constitution and is therefore invalid.

## S U M M A R Y

House Bill 1754, Acts 62nd Leg., R.S. 1971, Ch. 583, p. 1927, is a local or special law within the meaning of Section 56 of Article III of the Texas Constitution and is therefore un-constitutional.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by W. O. Shultz
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Bob Lattimore
Sam McDaniel
Ben Harrison
Ivan Williams

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant