

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 18, 1972

Hon. Cecil M. Pruett
Hutchinson County Attorney
630 North Deahl Street
Borger, Texas 79007

Opinion No. M-1237

Re: Whether the office of
Hutchinson County
Superintendent of
Schools was abolished
by Article 2688aa,
Vernon's Civil Statutes,
and related question

Dear Mr. Pruett:

Your recent letter requesting the opinion of this office concerning the referenced matter states as follows:

"Our County School Board has requested that I secure an opinion from you as to the status of the Office of County Superintendent of Schools in Hutchinson County.

"In 1970 C. J. Jackson was elected to and thereafter duly qualified for such office for the four year term beginning January 1, 1971, and ending December 31, 1974. The 62nd Legislature in 1971 passed H.B. No. 645 (Acts of the Legislature, Page 1554) codified as R. S. Art. 2688aa., in part as follows:

'Section 1. In all counties having a population of not less than 34,103 nor more than 35,310, and all counties having a population of not less than 24,400 nor more than 24,600, according to the last preceding Federal Census, the Office of County Superintendent of Schools is abolished. The duties of the Office shall be performed by the County Judge as Ex-Officio County Superintendent.'

-6060-

'Sec. 2. As used in this Act, "the last preceding Federal Census" means the 1970 census or any future decennial federal census. This is despite any legislation that has been or may be enacted during any session of the 62nd Legislature delaying the effectiveness of the 1970 census for general state and local governmental purposes.'

'Sec. 3. The effective date of this Act shall be December 31, 1971.'

"Such Act was approved by the Governor May 26, 1971.

"The 1970 Federal Census shows Hutchinson County population as 24,443 and therefore the County is included in the population limitations set out in the Act.

"Under date of September 23, 1971, C. J. Jackson tendered to the Commissioner's Court his written resignation as County Superintendent of Schools, effective immediately, and on September 27, 1971, the Commissioners accepted his resignation. The Court did not make an appointment to fill the vacancy but permitted the duties of the office for the remainder of 1971 to be administered by Jackie Campbell, the assistant to C. J. Jackson, under the provisions of R. S. Art. 6252-1.

"By letter dated September 27, 1971, Norman Coffee, County Judge, makes inquiry of Dr. J. W. Edgar, Commissioner of Education, as to said H. B. No. 645, which inquiry was answered by Chester E. Ollison, Legal Counselor, by letter dated October 4, 1971, the last paragraph of which is as follows:

'We believe this law would operate to make House Bill 645, referred to in your letter, to abolish the office of elective county superintendent

as provided in Section 3 thereof . . . on December 31, 1971.'

"Norman Coffee, County Judge, qualified as Ex-Officio County Superintendent of Schools and assumed the office on January 1, 1972, and is now serving as such.

"Question No. 1. Was the office of County Superintendent of Schools abolished in Hutchinson County by such H.B. No. 645?

"Question No. 2. If such office was abolished by such H.B. No. 645, was it abolished,
   (a)  As of December 31, 1971, as set out in the Bill? or
   (b)  As of December 31, 1974, at the end of the four year term."

It is our opinion that Article 2688aa, Vernon's Civil Statutes, as narrowly restricted in its application to only two Texas counties, is unconstitutional, for the reason that it is a local or special law regulating the management of public schools in contravention of Section 56 of Article III of the Constitution of Texas. In Miller v. County of El Paso, 136 Tex. 370, 150 S.W.2d 1000 (1941), the Supreme Court of Texas stated the rule regarding this type of legislation as follows:

"Notwithstanding the above constitutional provision (Section 56 of Article III), the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification

designated in the Act, and the classification must
be broad enough to include a substantial class
and must be based on characteristics legitimately
distinguishing such class from others with respect
to the public purpose sought to be accomplished by
the proposed legislation.  In other words, there
must be a substantial reason for the legislation.
It must not be a mere arbitrary device resorted
to for the purpose of giving what is, in fact, a
local law the appearance of a general law.  City
of Fort Worth v. Bobbitt, 121 Texas 14, 36 S. W.
(2d) 470, 41 S. W. (2d) 228; Bexar County v. Tynan,
128 Texas 223, 97 S. W. (2d) 467; Clark v. Finley,
Comptroller, 93 Texas 171, 178; 54 S. W. 343,
Supreme Lodge United Benevolent Assn. v. Johnson,
98 Texas 1, 18 S. W. 18; Smith v. State, 120 Texas
Crim. Rep. 431, 49 S. W. (2d) 739; Randolph v.
State, 36 S. W. (2d) 484; Fritter v. West, 65
S. W. (2d) 414 (writ refused); State v. Hall, 76
S. W. (2d) 880; Wood v. Marfa Ind. School Dist.,
123 S. W. (2d) 429 . . . ."  136 Tex. at 374, 150
S.W.2d at 1001-1002.

See, also, Attorney General's Opinions Nos. M-1200 (1972),
M-745 (1970), M-488 (1969), C-481 (1965), and C-244 (1964).

In view of the foregoing, you are advised that, be-
cause of its constitutional infirmity, Article 2688aa does not
operate to abolish the office of county school superintendent
in Hutchinson County.

It is not necessary for us to answer your second
question, inasmuch as that question was predicated on an
affirmative answer to your first question.

## S U M M A R Y

Article 2688aa, Vernon's Civil Statutes, is
unconstitutional and therefore does not operate

to abolish the office of county school superintendent in Hutchinson County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Jim Swearingen
Gordon Cass
Scott Garrison
Bill Flanary

SAMUEL D. MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant